■ CHRISTINE E. WILLIS, Respondent-Appellant, v DOUGLAS K. WILLIS, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court ordering equitable distribution of the parties' marital property, entered December 13, 1983 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury.

These cross appeals are from a judgment ordering equitable distribution of the parties' marital property. After reviewing the record, it is evident that reversal is required. First, Trial Term failed to consider the parties' respective pension rights as marital property (*Majauskas v Majauskas,* 61 NY2d 481, 485-486, 491-492), and further failed to explain how the presence of these pension rights affected the distribution (Domestic Relations Law, § 236, part B, subd 5, par g). Defendant's contention that the parties waived consideration of the pension rights by omitting information about them from their financial statements is belied by the clear language of said statements, which includes mention of pensions, as well as by the trial testimony concerning the pension rights. On remittal, Trial Term must consider these pension rights as marital property (*Majauskas v Majauskas, supra*) and take them and related factors into consideration in making the award of equitable distribution (see, e.g., Domestic

Relations Law, § 236, part B, subd 5, par d, cls [4], [6]; *Majauskas v Majauskas, supra,* pp 489-492).[*]

Next, we cannot agree that defendant wastefully dissipated assets by indulging in such activities as flying and snowmobiling. We recognize that a waste of assets by one spouse may be considered in making an award of equitable distribution under section 236 (part B, subd 5, par d, cl [10]) of the Domestic Relations Law (see Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 236B:14 [1984-1985 supp], p 207; 2 Foster and Freed, Law and the Family, § 33:8-A [2] [Jan., 1984 supp], pp 982-983). The record makes clear, however, that flying and snowmobiling were pastimes in which the whole family, including plaintiff, participated. Indeed, it appears that plaintiff enjoyed these activities immensely and became quite involved with them. Expenditures which were agreed to and enjoyed by both parties but which, through hindsight, may seem improvident to parties who can no longer reach rational agreement should not be characterized as a waste of assets and held against one party (see Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 236B:20 [1984-1985 supp], p 213). Accordingly, Trial Term should reconsider the award of equitable distribution in light of these principles.

We disagree with defendant that his "gift" of $10,000 to his son for use as collateral for a loan should not be considered marital property. The record reveals that this money came from payroll savings and that, after repayment of the loan by the son, the $10,000 will be returned. Under these circumstances, Trial Term properly considered the $10,000 as marital property. In a related context, we note that the $500 value placed on defendant's gun collection is not supported by evidence in the record. Indeed, the record reveals that defendant paid substantially more than $500 for a part of his gun collection. On remittal, Trial Term should place a more realistic value on this asset. Likewise, the motorcycle which defendant testified that he had transferred to his son, but continued to use and own, should be valued and included in Trial Term's consideration.

Also, we agree with plaintiff that the parties' employment histories would be helpful in assessing their probable future financial circumstances, which must be considered upon making

---

[*] We note that some of the parties' respective pension rights have been earned, in defendant's case, prior to the marriage and, in plaintiff's case, after commencement of the matrimonial action. Inasmuch as pension rights earned at these times cannot be considered marital property (*Majauskas v Majauskas, supra,* p 490), Trial Term must also take these facts into consideration in awarding equitable distribution.

an award of equitable distribution (Domestic Relations Law, § 236, part B, subd 5, par d, cl [8]). However, employment history is but one of many components of the parties' respective future financial circumstances (see Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 236B:12 [1984-1985 supp], p 199; 2 Foster and Freed, Law and the Family, § 33:8-A [1] [Jan., 1984 supp], pp 963, 964) and should be considered accordingly.

Finally, we are not sympathetic to defendant's complaint that the practical effect of Trial Term's decision is to give plaintiff the marital residence because he has no liquid assets to pay plaintiff her distributive award and plaintiff has no incentive to sell the house within the one-year period established by Trial Term. Defendant possesses substantial mechanical skills which he could be using in a productive manner so as to raise money. Defendant could also get a loan, something he has done frequently in the past. Furthermore, the record reveals that plaintiff desires to sell the marital residence but that defendant has hindered her attempts to do so. Under these circumstance, we do not find cause to intervene for this reason.

Judgment reversed, on the law and the facts, without costs, and matter remitted to Trial Term for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.