KAREN DEAN DEWAN *vs.* EDMOND M. DEWAN.

Middlesex. January 7, 1987. — April 23, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & NOLAN, JJ.

*Divorce and Separation,* Division of property, Pension benefits.

In making an equitable division of marital property pursuant to G. L. c. 208, § 34, it is within the judge's discretion to assign presently, as a property asset, a percentage of the present value of a party's future pension benefits or, alternatively, to allocate a percentage of the pension benefits attributable to the period of the marriage if and when they are received; however, this court expressed a preference for the former method as providing an immediate settlement and avoiding uncertainty. [757-758]

A divorce action was remanded for the judge to explain his reasons for making an apparently disproportionate division of marital property pursuant to G. L. c. 208, § 34, where his original property judgment, before a previous remand, had made a more nearly equal allocation. [758-760]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on February 3, 1981.

Following review by the Appeals Court, 17 Mass. App. Ct. 97 (1983), further proceedings were had before *James M. Sweeney,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Edward J. Collins* for the plaintiff.

*F. Davie Edes* for the defendant.

HENNESSEY, C.J. The plaintiff, Karen Dean Dewan, filed a complaint for divorce and, following trial before a judge in the Probate and Family Court, a judgment of divorce nisi was entered. The plaintiff appealed from the judgment's property settlement provisions, and the Appeals Court reversed and remanded, holding that the judge erroneously had valued the husband's pension rights under the Federal employees' civil service retirement plan as the amount of money that the husband actually had contributed into the plan. *Dewan* v. *Dewan,* 17

Mass. App. Ct. 97, 100 (1983). On remand, the judge modified the property settlement by requiring that the wife receive thirty per cent of the husband's pension benefits attributable to the period of their marriage "if and when" received. The wife appealed, and we transferred the case to this court on our own motion. We reverse the property judgment and remand the case for reconsideration.

The parties do not contend that the husband's pension benefits are not property in the husband's estate for the purposes of G. L. c. 208, § 34 (1984 ed.). *Dewan* v. *Dewan, supra* at 98-99. See, e.g., *In re Marriage of Brown,* 15 Cal. 3d 838, 841-842 (1976); *Janssen* v. *Janssen,* 331 N.W. 2d 752, 754 (Minn. 1983); *Kikkert* v. *Kikkert,* 177 N.J. Super. 471, 476-477, aff'd, 88 N.J. 4 (1981); *Majauskas* v. *Majauskas,* 61 N.Y.2d 481, 491-492 (1984); *Bloomer* v. *Bloomer,* 84 Wis. 2d 124, 129 (1978). The Appeals Court stated that the husband's pension benefits could be assigned to the wife in one of two ways, either as a present assignment of a percentage of the present value of the future pension benefits or as a percentage of the pension benefits attributable to the marriage if and when the benefits are actually received. *Dewan* v. *Dewan, supra* at 100-102. On remand, the judge adopted the latter method of assigning the pension benefits and allocated to the wife thirty per cent of the pension benefits attributable to the marriage if and when they are received.[1] The judge adopted this approach after determining that he had insufficient evidence to value the husband's present interest in the pension plan and after taking into consideration the husband's age (fifty-three years) and the length of the marriage (twenty-two years).[2]

---

[1] The judge's findings and order (see *Dewan* v. *Dewan, supra* at 101) provided that the wife's share of the pension benefits be determined according to the following formula:

Weekly or monthly benefit × 30% × 22 years married, divided by the total number of years that the defendant was in the pension system.

[2] This approach is consistent with the Appeals Court's opinion, which stated: "Where the marriage has been of long duration and retirement age is more proximate, the greater value of the prospective pension benefits may make present assignment as an asset unfeasible, at least in the absence of other significant assets, or the valuation of pension rights may be unduly

The judge also modified the property judgment by requiring that the net proceeds from the sale of the marital home be divided fifty per cent to the wife and fifty per cent to the husband instead of the original division of fifty-five per cent to the wife and forty-five per cent to the husband.[3]

The Appeals Court concluded that "[w]here it is appropriate to include pension rights in an equitable division, the determination whether to assign a percentage of present value as a property asset or to allocate benefits if and when received lies largely within the discretion of the judge." *Id.* at 101-102. The plaintiff argues that the judge's discretion is limited by certain important considerations. She says that, if it is possible in the circumstances and there is no hardship caused to the employee spouse, the proper exercise of discretion should require the present assignment of a percentage of the present value of the future pension benefits. Although she concedes that the present value approach may be troublesome when the valuation is speculative or the employee spouse does not have sufficient liquid assets of comparable value, she says that these factors are of no concern in this instance. Furthermore, she maintains that the property judgment, as decreed by the Probate judge after remand, allows the husband to receive his portion of the equity in the marital home currently, while she must wait to

---

speculative, especially where they are subject to destruction by premature death or termination of employment." *Dewan* v. *Dewan, supra* at 102. However, the Appeals Court noted that, in this case, the husband's share of the marital home could approximate in value the wife's share of the husband's pension rights treated as a present property asset. *Id.* at n.10.

[3] The original property settlement entered on January 27, 1982, and amended on April 1, 1982, also provided for a division of the personal property and for an award of alimony totaling $39,000 over a five-year period from 1982 through 1986. Furthermore, the judgment of divorce provided that the husband pay college tuition and expenses for the two children of the marriage (unless the wife's gross income exceeded $15,000 per year, in which case the educational expenses were to be shared in proportion to the gross incomes of the husband and wife), and that the husband pay medical, dental, and hospital insurance for the children until each child reached age twenty-three or graduated from college, and for the wife until 1987, or until her gross income exceeded $15,000 per year. These provisions were not modified on remand.

receive her portion of his pension rights, if at all, only when he decides to retire. Consequently, she contends that the judgment is not an equitable division of the property within the meaning of G. L. c. 208, § 34, and thus the judgment should be reversed.

Presumably because of certain practical considerations, the Appeals Court did not state that the present assignment of a percentage of the future pension benefits is the preferred approach. See *Dewan* v. *Dewan, supra* at 100-102. Chief among these practical considerations is that this method of dividing pension benefits is, as the wife concedes, generally appropriate only where there are "sufficient assets available at the time of divorce to divide the present value of the retirement benefits without causing an undue hardship on either spouse." *Holbrook* v. *Holbrook,* 103 Wis. 2d 327, 340 (Ct. App. 1981). Also, an area of discretion must be left to the judge because a pension plan may have specific provisions which favor an "if and when" division.

We conclude that, where the above-mentioned practical difficulties are not a controlling factor, the present assignment of a percentage of the present value of the future pension benefits is the preferable approach. *Holbrook* v. *Holbrook, supra.* It provides an immediate settlement of the pension distribution problem and it avoids continued strife and uncertainty between the parties. *Damiano* v. *Damiano,* 94 A.D.2d 132, 139 (N.Y. 1983). See *Koelsch* v. *Koelsch,* 148 Ariz. 176, 183 (1986); *Diffenderfer* v. *Diffenderfer,* 491 So. 2d 265, 268 (Fla. 1986); *Dubois* v. *Dubois,* 335 N.W. 2d 503, 506 (Minn. 1983); *Kikkert* v. *Kikkert, supra* at 477-478. As stated in *Koelsch* v. *Koelsch, supra,* the assignment of a percentage of the present value of the future pension benefits "provides a clean break between the parties, it provides an unencumbered pension plan to the employee, it relieves the court of any further supervision, and it relieves the retirement agencies of the duty to pay benefits to anyone but the employee."

Further, although the award of the pension benefits on an "if and when" basis avoids the oftentimes difficult problem of valuing pension benefits, it may place the employee spouse in

the position of deciding when the benefits are to commence, as a result of that spouse's decision when to retire. "A unilateral choice to postpone retirement cannot be manipulated so as to impair a spouse's interest in those retirement benefits." *In re Marriage of Gillmore,* 29 Cal. 3d 418, 423 (1981). See *Yee v. Yee,* 23 Mass. App. Ct. 483, 484-486 (1987) (invalidating a property judgment in which the proceeds from the sale of the marital home were to be divided between the parties when the wife was "no longer desirous or capable of maintaining the marital home"). Certainly, in situations in which the employee spouse continues to work even though he is eligible to retire and commence receiving pension benefits in some amount, he is able to delay the nonemployee spouse's receipt of her share of the pension benefits. Furthermore, the nonemployee spouse is subject to the risk of losing her interest completely if the employee spouse were to die prior to retirement.[4]

In reviewing a judgment pursuant to § 34, we have required a two-step analysis. *Bowring* v. *Reid, ante* 265, 267 (1987). "First, we examine the judge's findings to determine whether all relevant factors in § 34 were considered." Then we must

---

[4] These factors may be of lesser importance as a result of the Retirement Equity Act of 1984, Pub. L. No. 98-397, § 104, 98 Stat. 1433 (1984), which allows a former spouse to file a qualified domestic relations order pursuant to a State court property judgment specifying that private pension benefits be paid to the nonemployee spouse at any time after the employee spouse would be eligible to receive them. The benefits may be paid to the nonemployee spouse on or after the earliest date that the employee spouse attains or would have attained retirement age under the plan. See 26 U.S.C. § 414 (p) (4) (A) (Supp. III 1985); S. Rep. No. 98-575, 98th Cong., 2d Sess., reprinted in 1984 U.S. Code Cong. & Ad. News 2566-2657. Provisions may also be made for survivor benefits. See 26 U.S.C. § 414 (p) (5) (Supp. III 1985). Although the wife concedes that these provisions do not directly apply to pension benefits under the Civil Service Retirement System which are involved in this case, the Federal government will honor a State court divorce decree in which civil service retirement payments are divided pursuant to a property judgment. See 5 U.S.C. §§ 8341(h) and 8345(j)(l) and (2) (1982); 5 C.F.R. §§ 831.1704, 831.1705 (1986); *McDannell* v. *United States Office of Personnel Management,* 716 F.2d 1063, 1065-1066 (5th Cir. 1983). The Probate and Family Court judge should consider the effect of these statutory provisions in determining which method of dividing pension benefits is appropriate in a particular case.

determine "whether the reasons for the judge's conclusions are apparent in his findings and rulings." *Id.* We have examined the judge's findings and conclude that he considered all the necessary factors under § 34. However, we cannot conclude that the reasons for the judge's property judgment on remand are apparent from the findings. The Appeals Court recognized that the original property judgment could be considered "within the range of equal division," but reversed the judgment, reasoning that "the apparent symmetry, if that was intended, depends on the correctness of the judge's finding that the husband's rights under the pension plan were to be measured by his accumulated contributions . . . ." *Dewan* v. *Dewan, supra* at 98. The "apparent symmetry" was clearly broken when the judge on remand increased the husband's interest in the marital home by approximately $5,200 (assuming a value for the home of $110,000 subject to a mortgage of $6,000 as found by the judge) and provided him with a seventy per cent interest in the future pension benefits attributable to the marriage if and when received. Although the husband received 100 per cent of the pension benefits in the original property judgment and, thus, his interest decreased by thirty per cent under the judgment as modified, the original property judgment erroneously valued the pension benefits at $33,963, on the incorrect basis of "that amount of money [the husband] presently has invested in [the pension plan]." The wife presented evidence that the present value of the future pension benefits was, at a minimum, approximately $200,000. Although the judge could properly reject this present value figure, the figure gives some indication that we do not have here a reasoned property division. Further, on remand the judge provided no additional findings to indicate why the husband should receive a substantially greater share of the pension benefits attributable to the marriage than will the wife, when the property previously had been divided in apparently equal proportions.

For all these reasons, remand of this case is required so that the judge may properly explain his reasoning for the property awards. See *Redding* v. *Redding,* 398 Mass. 102, 108 (1986); *Bowring* v. *Reid, supra* at 267-268. The reasoning should show

the proportionate share of the total property intended for each party, and the itemized distribution should be consistent with that general intention. We perceive nothing in the record which shows that the present value of future pension benefits cannot be reliably calculated, even if the matter requires further evidence. Therefore, in the absence of compelling reasons why they cannot be so treated, the pension rights are to be considered in light of their present value determined as of the date of the calculation.[5]

The case is remanded to the Probate and Family Court for reconsideration consistent with this opinion.

*So ordered.*

---

[5] The wife correctly points out that, where the nonemployee spouse's interest in the pension benefits exceeds the employee spouse's interest in other marital assets such that a complete division of marital assets under this approach either would be impossible or would create an undue hardship on the employee spouse, the approach need not be dispensed with entirely. On the contrary, an assignment of a percentage of the present value of the future pension benefits could be made to the extent that a hardship does not result for the employee spouse, while the nonemployee spouse's remaining interest could be realized if and when the pension benefits are actually received.