■ MAE V. LYDICK, Appellant, v DONALD L. LYDICK, Respon-dent.—Main, J. P. Appeal from that part of a judgment of the Supreme Court (Duskas, J.), entered June 24, 1986 in Clinton County, which equitably distributed the parties' marital prop-erty.

The parties to this action were divorced in 1986. The mari-tal property available for equitable distribution consisted of a mobile home valued at $10,000 with a $4,000 lien, household furnishings valued at less than $500, State and Federal in-come tax refunds totaling $429, and defendant's military pension of $623 per month. Supreme Court awarded plaintiff the mobile home, the furnishings and the tax refunds. Fur-ther, Supreme Court ordered defendant to pay plaintiff $100 per month as permanent maintenance. The court then stated that "[i]n light of the award of permanent maintenance, the Court declines to equitably distribute the defendant's military pension". Plaintiff then moved the court to amend its decision and equitably distribute the pension; the motion was denied.

On this appeal, plaintiff contends that, since the pension is properly considered marital property, Supreme Court erred in declining to equitably distribute it and that she is entitled to receive one half of the pension. We disagree. Plaintiff's conten-tion that Supreme Court improperly excluded the pension from equitable distribution stems from Supreme Court's unfor-tunate choice of words in discussing the pension, namely, "the Court *declines* to equitably distribute the * * * pension". Certainly, it is clear that defendant's pension, acquired pri-marily during the marriage, is marital property subject to

equitable distribution *(see, Majauskas v Majauskas,* 61 NY2d 481, 489) and that Supreme Court was required to consider the pension in making an equitable distribution *(see, Willis v Willis,* 107 AD2d 867). However, an examination of Supreme Court's decisions in this matter reveals that Supreme Court did recognize that the pension is marital property and did consider it in making the equitable distribution. Essentially, the court awarded all the marital assets except the pension to plaintiff and ordered defendant to pay plaintiff $100 per month as maintenance. The court explained that it considered the totality of the circumstances, including the award of maintenance to plaintiff *(see,* Domestic Relations Law § 236 [B] [5] [d] [5]), in fashioning the equitable distribution and noted that an award of one half of the pension to plaintiff would likely result in defendant, who has no other source of income, becoming a public charge. Thus, unlike the situation presented in *Willis v Willis (supra),* the record reveals that even though the court did not specifically denote the pension as marital property, it did take the pension into consideration when fashioning the award.

A trial court has broad discretion in making an equitable distribution of marital property *(see, Michalek v Michalek,* 114 AD2d 655, 656, *lv denied* 69 NY2d 602), and we find no abuse of that discretion here. Domestic Relations Law § 236 (B) requires equitable, not equal, distribution based on the factors enumerated in that section, not merely a 50/50 split of assets *(see, Matter of Ward v Ward,* 94 AD2d 908, 909). Accordingly, plaintiff is not automatically entitled to a one-half share of the pension. In light of the fact that the pension is defendant's sole source of income and that Supreme Court awarded all the other marital assets, plus $100 per month maintenance, to plaintiff, Supreme Court's equitable distribution of the marital property was appropriate *(cf., Weinstock v Weinstock,* 114 AD2d 450, 452-453 [although the court effectively refused to award the wife any part of the husband's pension, the court did not abuse its discretion in making the equitable distribution, in light of the husband's limited income]).

Finally, we find no error in Supreme Court's consideration of defendant's unemployability in making the equitable distribution. Under Domestic Relations Law § 236 (B) (5) (d) (8), a factor for consideration in making an equitable distribution is the probable future financial circumstances of each party. Clearly, defendant's ability to find work bears upon his probable future financial circumstances. Inasmuch as plaintiff has produced nothing to controvert defendant's assertions of his

unemployability, it was within the court's discretion to consider these statements, even though they were unsworn.

Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.