ANTHONY JOSEPH ANDREWS vs. ROBIN LEE ANDREWS.

No. 88-P-930.

Middlesex.   May 12, 1989. — September 8, 1989.

Present: DREBEN, KAPLAN, & KASS, JJ.

*Divorce and Separation*, Division of property, Alimony, Pension benefits.

In a divorce proceeding a Probate Court judge, taking account of the uncer-
tainty of the wife's medical needs, acted properly within his broad
discretion in treating the husband's military pension as a source of
alimony, rather than as a capital asset to be divided equitably between
the parties. [761]

COMPLAINT for divorce filed in the Middlesex Division of
the Probate and Family Court Department on February 3, 1986.

The case was heard by *James M. Sweeney*, J.

*Nonnie S. Burnes* (*Daniel T. Heffernan* with her) for Robin
Lee Andrews.

*Spencer M. Kagan* (*Nancy G. O'Donnell* with him) for An-
thony Joseph Andrews.

*Jamie Ann Sabino* & *David Hoffman* for Civil Liberties
Union of Massachusetts & others, amici curiae, submitted a
brief.

DREBEN, J. The question before us is whether a Probate
Court judge may, in his discretion, treat a husband's military
pension as a "stream of income" to be used as a source of
alimony rather than as a capital asset to be equitably divided.
We hold that there was no abuse of discretion in not dividing
the pension and affirm the judgment.

We take our facts from the judge's findings. In February,
1986, after twenty-five years of marriage, the husband filed a
complaint for divorce. Although the parties had often been
separated for extended periods due to the husband's military
career, the final separation coincided with a major suicidal

depression on the part of the wife. Prior to that time her health had been good. She was a tenured elementary school teacher in the Newton public schools and is presently on leave of absence. She needs a low stress environment and has only been able to work in a bakery and a coffee shop part time. Since the separation, she has been hospitalized several times for acute suicidal depression and, at the time of the hearing before the probate judge, was a psychiatric patient at McLean Hospital. On the husband's motion, a guardian ad litem was appointed so that the divorce would proceed to trial. The wife was not present. "Her prognosis at this time is unclear because at present she has not responded to treatment."

Both the husband and the wife have pensions. Their assets, other than their pensions, were in excess of $830,000. These assets were divided approximately sixty-five percent ($541,462) to the wife and thirty-five percent ($289,485) to the husband. The judge valued the husband's pension (which he is presently receiving) at $555,392, and the wife's at $122,960.[1] The husband's present annual receipts from his pension are approximately $36,000 a year. The wife's pension, if she does not return to work, will become payable on September 1, 1994 in the amount of $791 per month. Both pensions are subject to cost of living increases. The husband was ordered to maintain medical coverage for the wife and to pay her as alimony thirty percent of his total gross monthly pension (including all cost of living adjustments) until the first to occur of the following: the death or remarriage of the wife, or September 1, 1994 (the date when the wife's pension will become payable).

In making the equitable division and alimony award, the judge took into account all the factors required by G. L. c. 208, § 34, and explicitly stated: "I have placed a great deal of emphasis on the wife's health in dividing the marital assets and ordering alimony. Her prognosis is guarded and we have no idea at this time as to whether she will be able to teach again."

---

[1] The wife challenges the valuation of the husband's pension. The finding is not clearly erroneous and the valuation accords with that given by the husband's expert.

We see no error in the award. In view of the uncertainty of the wife's mental condition, the judge could well determine that a portion of the financial award should remain flexible to take care of future events.[2] Unlike equitable division, which cannot be altered, *Bush* v. *Bush,* 402 Mass. 406, 409 (1988); *Maze* v. *Mihalovich,* 7 Mass. App. Ct. 323, 326 (1979); *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 367 (1985); *Hartog* v. *Hartog, ante* 124, 128 (1989), alimony is subject to modification. It can be increased should the wife's medical needs escalate and can be decreased in the event she is able to return to teaching. Contrary to the wife's contention, the financial portions of the judgment were well within the judge's broad discretion. Moreover, the total award to the wife was not inadequate.

Although the judge could have assigned a portion of the husband's pension to the wife, see *Dewan* v. *Dewan,* 399 Mass. 754, 755 (1987), he was not required to do so. Alimony and equitable division are interrelated remedies; the combination must make sense. See *Grubert* v. *Grubert,* 20 Mass. App. Ct. 811, 818-819 (1985).[3] In sum, the judge acted within his discretion in treating the pension as a source for the payment of alimony. Cf. *Weinstock* v. *Weinstock,* 114 A.D.2d 450, 452-453 (N.Y. 1985); *Lydick* v. *Lydick,* 130 A.D.2d 915, 916 (N.Y. 1987); *Keefer* v. *Keefer,* 141 Mich. App. 751, 753, 755-756 (1985).

*Judgment affirmed.*

---

[2] The award does not violate the provisions of 10 U.S.C. § 1408 (1982 & Supp. V 1987).

[3] General Laws c. 208, § 34, as amended through St. 1983, c. 233, § 77, provides, in relevant part, that "the court . . . . may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other."