## S.L. *vs.* R.L.

No. 99-P-1601.

Essex. May 16, 2002. - September 18, 2002.

Present: LAURENCE, COWIN, & GREEN, JJ.

*Divorce and Separation,* Alimony, Division of property.

In a divorce action, the judge erred in including, as part of the marital estate subject to division under G. L. c. 208, § 34, the wife's remainder interest in a trust, where the wife's interest was susceptible of complete divestment; however, the judge permissibly included in the marital estate the wife's interests in four other trusts, where her future acquisition of those assets was fairly certain [882-884]; further, the judge permissibly employed the "if and when received" method for distribution of the wife's interests in those four trusts, despite a lack of findings to explain his reasons for choosing such a method, where the present valuation of the wife's interests in those trusts was subject to uncertainty, and would likely exceed by a significant margin the value of all other marital assets [884-885].

Alimony awarded to a former wife in a divorce action was within the bounds of the judge's discretion. [885-886]

COMPLAINT for divorce filed in the Essex Division of the Probate and Family Court Department on August 10, 1995.

The case was heard by *Edward J. Rockett,* J.

*Robert J. O'Regan* for S.L.

*Michael T. Cetrone* for R.L.

GREEN, J. On appeal from an amended judgment of divorce nisi,[1] the wife, S.L., challenges (i) the inclusion in the marital estate of her interests as a beneficiary of certain trusts and (ii) the amount of alimony set by the trial judge. We conclude that her interest in one of the five challenged trusts should not have been included in the marital estate, but that the judge permissibly included her interests in the remaining four trusts within

---

[1] The amended judgment entered after both parties timely moved to amend the original judgment of divorce nisi.

the marital estate and permissibly employed the "if and when received" method for distribution of the wife's interest in those trusts. We further conclude that the alimony awarded to her was within the bounds of the judge's discretion.

*Background.* After a thirty-two year marriage, which produced two children (now grown), the wife filed for divorce in 1995. During their marriage, the parties maintained an upper middle class life-style, for which the husband's earnings provided the principal source of income.[2]

The wife is a beneficiary under several trusts established by members of her family, including the five trusts summarized in the Appendix.[3] The wife is to receive benefits under the trusts upon the death of her mother, who was seventy-seven years old at the time of trial. The wife was fifty-five years old and in good health. There was testimony that the administration of the various trusts had a demonstrated history of preserving capital, despite the discretionary authority under certain of the trusts for distributions of principal to the wife's mother.

*Inclusion of trusts in marital estate.* The trial judge entered findings of fact and conclusions of law, in which he discussed the component elements of the marital estate.[4] At the end of that discussion, the judge found that the wife has a vested interest in the five trusts, but provided no explanation for that finding.[5] The judge noted the conflicting testimony on the value of the trusts offered by the parties' respective experts, but stated that it was not necessary to place a value on the trusts because he had "treated [the wife's] future interest in the aforementioned

---

[2]The husband was employed as a public accountant until 1977, and thereafter ran a business the parties had jointly acquired. The wife worked outside the home only intermittently, and on a part-time basis on those occasions.

[3]The wife holds an interest in a sixth trust, but raises no issue on appeal regarding its disposition in the divorce judgment.

[4]The judge entered his findings and conclusions after the wife filed her notice of appeal from the amended judgment.

[5]Since the wife's interest in each of the trusts depends on her survival of her mother, the judge's characterization of her interests as "vested" is inaccurate.

[t]rusts as a stream of income."[6] Under the section captioned "Rationale for Judgment," the judge stated that he had excluded the values of the five trusts from consideration in his division of marital assets, but that "if and when" the wife receives distributions from the trusts the husband would be entitled to receive twenty percent of those distributions.[7,8]

General Laws c. 208, § 34, defines the scope of a trial judge's discretion to assign interests in the marital estate to the wife or husband, based on a number of specified factors. See *Williams* v. *Massa*, 431 Mass. 619, 625 (2000). Separate from the division of assets within the estate is the question whether certain assets properly are considered a part of the estate. In making the determination of what to include in the estate, the judge is not bound by traditional concepts of title or property. "Instead, we have held a number of intangible interests (even those not within the complete possession or control of their holders) to be part of a spouse's estate for purposes of § 34." *Baccanti* v. *Morton*, 434 Mass. 787, 794 (2001), quoting from *Lauricella* v.

---

[6]In the amended judgment of divorce nisi, which entered before the findings of fact and conclusions of law (see note 4, *supra*), the judge assigned values to each of the five trusts, essentially adopting the valuations proffered by the defendant's expert. It is unclear from the subsequent findings of fact and conclusions of law whether the judge intended to abrogate his findings regarding the values of the trusts already incorporated in the amended judgment of divorce nisi, or whether he meant merely to suggest that, though he stood by his findings of value, any controversy regarding his findings on value was immaterial. The aggregate of the values assigned to the wife's interests in the trusts in the amended judgment was slightly over two million dollars; the aggregate of all other assets in the marital estate (including the net equity in the marital home) was just under $700,000.

[7]Under the section captioned "Conclusions of Law," the judge observed that "[a] judge may treat a pension as a stream of income to be used as a source of alimony rather than as a capital asset to be divided equally between the parties," citing *Andrews* v. *Andrews*, 27 Mass. App. Ct. 759 (1989). However, the trust income analogized to pension benefits was to be received by the wife, who bears no alimony obligation under the judgment. Moreover, under two of the trusts in question here, the W.C. family trust and the R.S. testamentary trust, the wife is to receive a full distribution of principal on her mother's death, and not merely a stream of income payments. Despite some lack of clarity inherent in the judge's discussion of the trusts, we consider him (as the parties appear to do as well) to have treated them in substance as assets subject to division as part of the marital estate.

[8]The wife does not challenge the eighty percent-twenty percent allocation of the trust proceeds.

*Lauricella,* 409 Mass. 211, 214 (1991). "When the future acquisition of assets is fairly certain, and current valuation possible, the assets may be considered for assignment under § 34." *Williams* v. *Massa, supra* at 628.[9] Interests considered too remote or speculative for inclusion within the estate are instead weighed under the § 34 criterion of "opportunity of each [spouse] for future acquisition of capital assets and income" in dividing the marital property. *Williams* v. *Massa, supra* at 629.

In *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 372-373 (1985), we held that a husband's remainder interest in a trust, subject to survivorship and a spendthrift clause, was divisible under § 34. Similarly, in *Lauricella* v. *Lauricella,* 409 Mass. at 216-217, the court held that a husband's vested beneficial interest in a trust was appropriate for division. By comparison, in *Williams* v. *Massa,* 431 Mass. at 628, the court upheld the exclusion of a husband's contingent remainder interests in two trusts, on a conclusion that the interests were mere expectancies. As noted in *Lauricella,* examination of the treatment by the courts of other States of future trust interests reveals no clear consensus, and the "decisions turn more on the particular attributes of the respective disputed interests than on principles of general application." *Lauricella* v. *Lauricella,* 409 Mass. at 215-216.

In the present case, we conclude that the judge erred in including the wife's interest in the W.C. marital trust (see Appendix, *infra*) among the assets suitable for division. The wife's remainder interest in that trust was susceptible of complete divestment upon the wife's mother's exercise of the power reserved to her to appoint the remainder trust beneficiaries under the provisions of her will. As such, the wife's future interest under the trust is the equivalent of an expectancy under

---

[9]As observed in *Lauricella* v. *Lauricella, supra,* the following interests have been recognized as marital property subject to division: future pension rights, see *Dewan* v. *Dewan,* 399 Mass. 754, 755, 759-760 (1987); rights in pending lawsuits, see *Hanify* v. *Hanify,* 403 Mass. 184, 186-190 (1988); and rights under a contingent fee agreement, see *Lyons* v. *Lyons,* 403 Mass. 1003 (1988). By contrast, potential future earnings are not a marital asset, see *Drapek* v. *Drapek,* 399 Mass. 240, 244 (1987), and an anticipated inheritance under the will of a living person is considered a "mere expectancy," *Lauricella* v. *Lauricella,* 409 Mass. at 216, inappropriate for inclusion in the marital estate, see *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 374 (1985).

a will and should have been excluded from the assets divided as part of the marital estate and instead considered under the § 34 criterion of "opportunity of each for future acquisition of capital assets and income." See *Williams* v. *Massa*, 431 Mass. at 629; *Davidson* v. *Davidson*, 19 Mass. App. Ct. at 374-375.

Unlike her interest in the W.C. marital trust, the wife's interest in the remaining trusts is subject only to her surviving her mother, a condition the *Davidson* case considered not to bar inclusion within the marital estate.[10] See *Davidson* v. *Davidson, supra* at 372. Accord *Williams* v. *Massa, supra* at 628 (noting with approval the inclusion of the vested remainder interest in the trust in *Davidson* in the marital estate).[11] The wife's remainder interest in two of the trusts (the R.S. 1930 trust and the R.S. 1934 trust [see Appendix]) is as a life income beneficiary; her remainder interest in the other two trusts is in a future outright distribution of the trust corpus. The ability to assign a present value to such an interest does not, however, seem to turn significantly on whether the remainder interest is in a stream of income or in the underlying assets. Accordingly, we conclude that it was not error for the judge to include the wife's interests in the remaining four trusts as part of the marital estate subject to division under § 34.[12]

*Disposition of trust interests.* Our examination does not end with the determination that the judge had the authority to consider the wife's interests in the trusts (other than the W.C. marital trust) as marital property subject to division. The amended judgment of divorce nisi disposed of the wife's

---

[10]The value of the wife's remainder interest will depend in part on how many of her siblings also survive or leave surviving issue to take by right of representation. That uncertainty does not derogate from the fact that the wife has at least a one-fifth interest in each trust.

[11]The reported opinion in *Williams* v. *Massa*, 431 Mass. at 628-629, does not describe the particular aspects of the trusts involved in that case that led the court to characterize the husband's interests as "mere expectancies," except to note that they were "contingent remainder interests" and "not clearly fixed and enforceable property rights." *Id.* at 628.

[12]Alternatively, such interests could be considered under the § 34 criterion of "opportunity of each for future acquisition of capital assets and income" (G. L. c. 208, § 34, as appearing in St. 1989, c. 287, § 59), in the sound discretion of the trial judge, based on all of the § 34 factors. See *Davidson* v. *Davidson*, 19 Mass. App. Ct. at 373.

interests in the trusts on an "if and when received" basis, a disposition generally disfavored. See *Dewan* v. *Dewan*, 399 Mass. 754, 757 (1987); *Williams* v. *Massa*, 431 Mass. at 628. However, the "if and when received" method is appropriate where warranted by the circumstances, such as where there are insufficient assets available at the time of divorce to divide the present value of the future interest without causing undue hardship to either spouse, see *Dewan* v. *Dewan*, *supra*, or where present valuation is uncertain or impractical, see *Baccanti* v. *Morton*, 434 Mass. at 802-803.[13]

It would have been preferable for the judge to have made findings to explain his determination to employ the "if and when received" method in the present case. However, our review of the record satisfies us that the method was appropriate under the circumstances. The precise present value of the wife's remainder interests in the trusts is subject to uncertainty due to the question of when she will receive any payments, as well as whether she will then be entitled to receive a one-fifth or a larger share. See note 10, *supra*. Moreover, despite some uncertainty regarding the status of the judge's valuation of the several trusts in the amended judgment, it appears that the wife's remainder interests in the trusts likely exceed by a significant margin the value of all other marital assets.[14] See note 6, *supra*. Accordingly, though a judge disposing of future interests on an "if and when" basis should ordinarily explain the basis for doing so, we do not think it necessary under the circumstances of the present case to remand for further proceedings on the subject.[15]

*Alimony award.* The wife's principal challenge to the alimony

---

[13]The wife's contention, in her brief, that *Williams* v. *Massa*, 431 Mass. at 628, "prohibits" the "if and when received" method of distribution preceded publication of the opinion in *Baccanti* v. *Morton*, *supra*.

[14]We note that, as found by the judge in the amended judgment, the value of the W.C. marital trust represented less than four percent of the aggregate value of the five challenged trusts. Accordingly, we see no need to remand for redetermination of the property division by reason of our exclusion of it from the marital estate.

[15]Such a remand would indeed exacerbate one of the reasons cited for disfavoring "if and when" distributions — the desire to avoid "continued strife and uncertainty between the parties." See *Dewan* v. *Dewan*, 399 Mass. at 757.

award is based on her observation that the amount of alimony closely approximates the monthly payments on the mortgage on the marital home despite the fact that the proceeds of the mortgage were used to finance the purchase of a sailboat awarded to the husband in the division of marital property. That argument conflates the division of property and the award of alimony. The division of property equitably apportioned the marital assets of the parties and, after taking into account the value of each asset and the liabilities charged against it, awarded to each spouse an equitable share of the property. Separately, the judge conducted a detailed and thorough examination of the parties' weekly living expenses and respective sources of income. The weekly alimony award, when added to the wife's other sources of income, exceeds her weekly expenses by an amount roughly equivalent to the amount the husband's weekly income (net of alimony payments) exceeds his weekly expenses. We see no reason to disturb the judge's alimony award under the broad discretion extended under § 34.[16] See *Williams* v. *Massa*, 431 Mass. at 634.

*Conclusion.* The amended judgment of divorce nisi shall be modified to remove therefrom the award to the husband of twenty percent of the proceeds of the marital trust under the will of W.C., if and when received, and the amended judgment as so modified is affirmed.

*So ordered.*

APPENDIX.

1.   *Family Trust under will of W.C.* This trust (the W.C. family trust) was created under the will of the wife's father. Under the terms of the trust, (a) income is paid to the wife's mother, V.C., for life; (b) principal may be distributed to V.C. at the discretion of the trustee, taking into consideration other income and assets available to her, to allow her to maintain the standard of living enjoyed during W.C.'s life; and (c) upon V.C.'s death, the trust assets will be distributed to the wife (S.L.) and her siblings (or their respective surviving issue, if any, by right of representation), in equal shares.

2.   *Marital Trust under will of W.C.* This trust (the W.C. marital trust) was

[16]The judge was not required to credit the wife's contention that the husband's statement of income understated his income from his business.

also created under the wife's father's will. Under the terms of the trust, (a) income is paid to the wife's mother, V.C., for life; (b) principal shall be distributed to V.C., at her request, up to the entire amount of the trust assets; and (c) upon V.C.'s death the remaining trust assets will be distributed (i) to such beneficiaries as V.C. may direct in her will, or (ii) if she makes no such direction, in equal shares to S.L. and her siblings (or their respective surviving issue, if any, by right of representation), subject to the right of the executor of V.C.'s estate to request amounts needed to pay inheritance or similar taxes.

3. *Trust under will of R.S. for benefit of V.C.* This trust (the R.S. testamentary trust) was created under the will of the wife's maternal grandfather. Under the terms of the trust, (a) income is paid to the wife's mother, V.C., for life; (b) upon V.C.'s death, income is paid to S.L. and her siblings until all have reached the age of twenty-one, at which time trust assets are to be distributed to S.L. and her siblings (or their respective surviving issue, if any, by right of representation), in equal shares; and (c) V.C.'s beneficial interest is subject to a spendthrift clause, except that V.C. may freely assign her interest in present or future income for the benefit of any of R.S.'s issue.

4. *R.S. Trust dated April 21, 1934.* This trust (the R.S. 1934 trust) was created by the wife's maternal grandfather. Under the terms of the trust, (a) income is paid to the wife's mother, V.C., for life; (b) principal may be distributed to V.C. at the discretion of the trustee, so long as the assets remaining in this trust and two other specified trusts for V.C.'s benefit are sufficient to produce annual income of at least $20,000; (c) upon V.C.'s death, the trust is divided into separate equal portions for S.L. and her siblings, with income from their respective portions paid to S.L. and her siblings (or their respective surviving issue, if any, by right of representation); (d) on the death of each of V.C.'s children, the portion held for that child's benefit will be distributed to the living issue of that child; and (e) the interests of the beneficiaries are subject to a spendthrift clause.

5. *R.S. Trust dated May 21, 1930.* This trust (the R.S. 1930 trust) was also created by the wife's maternal grandfather. Under the terms of the trust, (a) income is paid to the wife's mother, V.C., for life; (b) principal may be distributed to V.C. at the discretion of the trustee, so long as the assets remaining in this trust and another specified trust for V.C.'s benefit are sufficient to produce annual income of at least $15,000; (c) upon V.C.'s death, the trust is divided into separate equal portions for S.L. and her siblings, with income from their respective portions paid to S.L. and her siblings (or their respective surviving issue, if any, by right of representation); (d) on the death of each of V.C.'s children, the portion held for that child's benefit will be distributed to the living issue of that child; and (e) the interests of the beneficiaries are subject to a spendthrift clause.