■ MONA V. RADO, Appellant-Respondent, v DAVID L. RADO, Respondent-Appellant. [747 NYS2d 870] —Appeal and cross appeal from parts of a judgment of Supreme Court, Cattaraugus County (Himelein, J.), entered June 6, 2001, that, inter alia, equitably distributed the marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the marital residence be sold and the net proceeds be divided equally between the parties unless defendant exercises his buy-out option and pays plaintiff the sum of $18,000 within 120 days of service of a copy of the order of this Court with notice of entry and by deleting the third and fourth decretal paragraphs and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following Memorandum: In this matrimonial action arising after 30 years of marriage, each party contends that Supreme Court erred in its equitable distribution of the marital property. Contrary to plaintiff's contention, the court did not abuse its discretion in awarding defendant exclusive possession of the marital residence, which previously belonged to his parents (*see Lydick v Lydick*, 130 AD2d 915, 916, *lv denied* 70 NY2d 607). The court erred, however, in failing to specify a period of time in which defendant is entitled to exercise his buy-out option. The court directed defendant to pay plaintiff the sum of $18,000, representing one half of the value of the equity in the marital residence and further directed that, in the event that defendant did not wish to keep the marital residence, "the home shall be listed for sale and the parties shall

each receive one-half of the net proceeds." We modify the judgment by directing that the marital residence be sold and the net proceeds be divided equally between the parties unless defendant exercises his buy-out option and pays plaintiff the sum of $18,000 within 120 days of service of a copy of the order of this Court with notice of entry.

The court further erred in failing to award plaintiff any interest in defendant's pensions until plaintiff herself retires, and we thus further modify the judgment by deleting the third and fourth decretal paragraphs relating to those pensions. Defendant is receiving fixed monthly pension payments, which are entirely or substantially marital property, and those payments are subject to equitable distribution (*see Miller v Miller*, 150 AD2d 652, 653). At the time of trial, plaintiff was 54 years old and earning $30,000 per year as an insurance agent. Defendant was 62 years old and his principal source of income was his pension payments and Social Security benefits, which together provide him with less than $25,000 per year in income. Because equitable distribution of defendant's pension payments may create the need for an award of maintenance to defendant, we remit the matter to Supreme Court, Cattaraugus County, to reconsider equitable distribution of defendant's pension payments and the need, if any, for a maintenance award to him (*see McAteer v McAteer*, 294 AD2d 783; *Schildkraut v Schildkraut*, 223 AD2d 585, 586).

Because of this determination, it is unnecessary for us to consider whether the court erred in researching plaintiff's future Social Security benefits on the Internet without approval of the parties. We note, however, that in doing so the court deprived the parties of the opportunity to contest the assumptions upon which those benefits were calculated. We have reviewed the parties' remaining contentions and conclude that they are without merit. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.