Following a trial, a Probate and Family Court judge issued a judgment of divorce nisi that ordered the division of the parties' pensions and ordered the wife, Cynthia Ruth Carbonneau, to pay alimony of $250 per week to the husband, Richard Rene Carbonneau. The husband appeals, claiming that the judge erred in assigning a portion of his pensions to the wife, and that the alimony order and its termination date were error. He also claims that the judge erred in treating the funds from his State of Connecticut pension as both an asset and a stream of income ("double dipping") in awarding alimony. We affirm.
1. Property division. The husband claims that the division of the marital estate was inequitable and does not flow rationally from the findings. We disagree. "A judge has broad discretion when awarding alimony and dividing marital assets pursuant to G. L. c. 208, § 34." Heins v. Ledis, 422 Mass. 477, 480-481 (1996). "As long as the judge's findings show that all relevant factors in § 34 were considered, and the reasons for the judge's conclusion are apparent and flow rationally from the findings and rulings, a judge's determination on the equitable division of marital property will not be disturbed." Williams v. Massa, 431 Mass. 619, 631 (2000).
Here, it is clear from the judge's written findings that the § 34 factors were fully considered, as the judge made findings on each factor and did not consider irrelevant factors. The judge found that this was a long-term marriage of over thirty years, during which both parties worked and earned an income. The judge also explained that the parties' pensions were the largest part of the marital estate. The judge found that it was fair and equitable to treat the pensions as assets and therefore divided them equally so that each party would have the benefit of the pension accumulated by the parties during the marriage.[2] This division is also consistent with the majority of our cases, which "have treated retirement benefits and pensions as marital assets subject to equitable distribution." Casey v. Casey, 79 Mass. App. Ct. 623, 629-630 (2011).
The husband also claims that the division of property does not flow rationally from the findings because the judge never determined the precise values of the pensions. However, the judge divided the marital portion of the pensions equally between the parties. See Robbins v. Robbins, 16 Mass. App. Ct. 576, 578 (1983) ("No specific formula need be followed to fashion an equitable judgment [under § 34 ]"). Furthermore, "[m]athematical precision is not required of equitable division of property." Fechtor v. Fechtor, 26 Mass. App. Ct. 859, 861 (1989). The husband's State of Connecticut pension was in payout status at the time of trial and the monthly benefit was known. The husband's military pension and the wife's Baystate pension were not in payout status.[3] The judge is permitted to exercise her discretion in ordering future payments of a pension interest where present valuation is unknown or uncertain. See Hanify v. Hanify, 403 Mass. 184, 188 (1988). "A judge may assign pension benefits 'either as a present assignment of a percentage of the present value of the future pension benefits or as a percentage of the pension benefits attributable to the marriage if and when the benefits are actually received.' " Early v. Early, 413 Mass. 720, 725-726 (1992), quoting Dewan v. Dewan, 399 Mass. 754, 755 (1987).
2. Alimony award. The wife was ordered to pay $250 per week in alimony to the husband, which shall terminate upon the first to occur of the following events: (a) death of a party; (b) remarriage of husband; or (c) wife reaching the age of sixty-two years. The husband claims that the alimony award does not appropriately consider G. L. c. 208, §§ 48 - 55, and that the duration of the award is arbitrary. We disagree. "Alimony and equitable division are interrelated remedies; the combination must make sense." Casey v. Casey, 79 Mass. App. Ct. at 630, quoting Andrews v. Andrews, 27 Mass. App. Ct. 759, 761 (1989). "Upon consideration of the factors specified in G. L. c. 208, § 34, a judge has considerable discretion in fashioning an alimony award." D.L. v. G.L., 61 Mass. App. Ct. 488, 508 (2004). "[T]he judge must consider all relevant, statutorily specified factors, such as those set forth in G. L. c. 208, §§ 49 (d ) and 53 (a )." Duff-Kareores v. Kareores, 474 Mass. 528, 535-536 (2016). The purpose of alimony remains the payment of support from one spouse, who has the ability to pay, to the other spouse, who is in need of support. See Gottsegen v. Gottsegen, 397 Mass. 617, 624 (1986).
Here, the judge properly considered the statutory factors for awarding alimony, which included the parties' health, income, employment, and employability, "economic and non-economic contribution of both parties to the marriage[,] marital lifestyle[,] [and the] ability of each party to maintain the marital lifestyle." G. L. c. 208, § 53 (a ). The judge determined that the wife's current income and the result of the division of the marital estate would put her in a superior financial position to the husband as she continued to work full time and the husband was in need of support. The judge took into account the parties' current earnings or ability to earn, the husband's expenses (including that his expenses were being subsidized by his girl friend and his daughter and her boy friend), and the postdivorce health insurance costs. She also acknowledged that the husband's knee problems may limit his work opportunities, but found that he did have the ability to work and earn more than a nominal amount based on his skills and experience. The husband contends that the judgment leaves him in an inferior financial position; however, he does not cite to any expenses that he cannot meet. In sum, the amount of the alimony award was not plainly wrong. See Heins v. Ledis, 422 Mass. at 481.
The husband also claims that the judge erred in setting the termination date of alimony. The parties' marriage was for more than thirty years, and therefore the judge would have been permitted to "order alimony for an indefinite length of time." G. L. c. 208, § 49 (c ). The alimony order in place does not deviate from any presumptive durational limit and does not require any special written findings. See G. L. c. 208, § 53 (e ) ; Holmes v. Holmes, 467 Mass. 653, 658 (2014). Also, the order for alimony to terminate in three years when the wife turns sixty-two was not an abuse of discretion, as the judge properly considered the positions of the parties. Specifically, the husband was able to retire early at the age of forty-seven and the judge explained that the wife should have the same opportunity to retire at an age less than the "full retirement age" as defined by G. L. c. 208, § 48. The wife testified that her plan is to retire early at the age of sixty-two. Should circumstances change, the husband may seek modification of the alimony award pursuant to G. L. c. 208, § 37.
3. Double dipping. Finally, the husband claims that the judge erred in impermissibly double dipping by treating his State of Connecticut pension as both an asset and a stream of income. We disagree. Double dipping is a term used "to describe the seeming injustice that occurs when property is awarded to one spouse in an equitable distribution of marital assets and is then also considered as a source of income for purposes of imposing [or not imposing] support obligations." Champion v. Champion, 54 Mass. App. Ct. 215, 219 (2002). "[T]here is nothing ... that prohibits double dipping as matter of law.... Rather, ... the judge must look to the equities of the situation to make [her] determination" (quotations omitted). Fehrm-Cappuccino v. Cappuccino, 90 Mass. App. Ct. 525, 527 n.4 (2016). Here, it was not an abuse of discretion to treat the State of Connecticut pension as a marital asset and to divide it equally. Dividing the husband's State of Connecticut pension between the parties is not inequitable double dipping where it is the wife who is ordered to pay alimony to the husband in consideration of her superior financial position.[4]
Judgment affirmed.

The judge assigned the husband fifty per cent of the accrued benefit in the wife's Baystate Health Inc. Retirement Program pension, which was "frozen" as of December 31, 2015, meaning there will be no more contributions to it. The judge assigned the wife a fifty per cent interest in the husband's accrued benefit in his State of Connecticut pension, which was in payout, and also a 43.75 per cent interest in the husband's military pension benefit, which was not yet vested at the time of trial.

Evidence was presented that the wife's anticipated monthly pension benefit would be about $600 at the age of sixty-two.

The wife's request for attorney's fees and costs pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979), is denied. Although we affirm the judgment, "[u]npersuasive arguments do not necessarily render an appeal frivolous." Avery v. Steele, 414 Mass. 450, 455 (1993).