520 So.2d 299 (1988)
Michael D. BACHER, Appellant/Cross-Appellee,
v.
Nancy D. BACHER, and Pardo & Pardo, P.A., Appellees/Cross-Appellants.
ROUND TABLE SYSTEMS, INC., a Florida Corporation; Round Table Inc., a Florida Corporation; Round Table of Pompano, Inc., a Florida Corporation; Round Table of Lauderdale Lakes, Inc., a Florida Corporation; Gerson Bacher; Mildred A. Bacher; and Gerson Bacher, As Trustee of the Bacher Family Trust, Appellants/Cross-Appellees,
v.
NANCY D. BACHER, Appellee/Cross-Appellant, and Michael D. Bacher, Appellee.
Nos. 85-2691, 86-250, 86-251, 85-2697, and 86-89 to 86-91.
District Court of Appeal of Florida, Third District.
January 26, 1988.
Rehearing Denied March 21, 1988.
Akerman, Senterfitt & Eidson and James M. Miller, Miami, for appellant/cross-appellee Michael D. Bacher.
Magill & Lewis and R. Fred Lewis, Miami, for appellants/cross-appellees Round Table Systems Inc., et al.
Pardo & Pardo and Jeffrey Pardo, Levine, Busch, Schnepper & Stein and Barry Stein, Miami, for appellee/cross-appellant Pardo & Pardo, P.A.
Greenfield & Duval and Leo Greenfield, North Miami, for appellee/cross-appellant Nancy D. Bacher.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
We reverse the final judgment entered in a dissolution of marriage action which invalidates a family trust and makes an equitable distribution of undivided interests in trust assets. We also reverse the judgment to the extent it orders that the trust or its other beneficiaries pay the judgment and the wife's attorneys' fees.
George and Mildred Bacher, the appellant's parents, created a trust for themselves during their lifetime, consisting of stock in several restaurants, and named their son Michael as trustee. According to the agreement, after their lives the stock was to be distributed to their three sons  fifty percent to Robert and Neil Bacher and fifty percent to the trustee/son/appellant, *300 Michael.[1] The uncontradicted evidence establishes the existence of the family trust since 1966  two years before the marriage of Nancy and Michael.[2] Nancy admitted that there was a trust agreement between Michael and his father regarding the family businesses. Notwithstanding the trust agreement terms, the evidence shows that Michael retained twenty-five percent of all after-tax business earnings  on agreement with the life beneficiaries  and remitted the seventy-five percent balance to his parents.
None of the extensive documentary evidence relied upon by the trial court is inconsistent with the existence of a valid trust predating the parties' marriage. Because the trial court's findings to the contrary are without any evidentiary support in the record, the judgment must be reversed. See Eig v. Insurance Co. of N. Am., 447 So.2d 377 (Fla. 3d DCA 1984); Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983); Trueba v. Pawley, 407 So.2d 945 (Fla. 3d DCA 1981), appeal dismissed, 415 So.2d 1360 (Fla. 1982). Thus, any present award to the wife, as a share of the husband's interest in the trust, must be based solely on trust income available to or paid to the husband. See Bacardi v. White, 463 So.2d 218 (Fla. 1985).
No abuse of discretion is shown in the court's award of the marital home to Nancy as alimony, or in the award of $150 per week for child support. We also affirm the award of $10,000 in fees to the wife's first attorneys, Pardo and Pardo, against the former husband, for services rendered in the marriage dissolution. The fee of $67,500 awarded to the wife's successor attorneys, Greenfield and Duval, for further representation in the dissolution action, which the court assessed against Bacher family properties, is reversed.
In light of our reversal of the trial court's finding of no valid trust, the award to the wife of a thirty percent interest in all trust properties is reversed and the cause is remanded for further findings. Any fee entitlement of Greenfield and Duval, the wife's new counsel, shall be the obligation of one or both of the parties to the dissolution action.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] At the time of trial the stock had been liquidated; the trust assets consisted of notes and mortgages.
[2] Title ownership in the businesses was conveyed to the then young Michael, allegedly, to avoid tax obligations.