DAWN LAURICELLA vs. JOSEPH LAURICELLA.

Middlesex. November 8, 1990. - January 22, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Divorce and Separation*, Division of property.

In a divorce proceeding, the husband's beneficial interest in certain real
estate held in a trust created by his father was part of the marital es-
tate subject to equitable division under G. L. c. 208, § 34, where the
husband's rights in the trust property were present, enforceable, and
valuable. [213-217]

Where the judge who heard a divorce proceeding had incorrectly con-
cluded that the beneficial interest of the husband in certain real estate
held in trust was not a marital asset divisible under G. L. c. 208, § 34,
this court remanded the case for further proceedings with respect to the
wife's application for an equitable division, including consideration of
the propriety of an amendment to the declaration of trust, just days
after the wife had filed her complaint for divorce, the effect of which
was to reduce the husband's beneficial interest in the trust from one-
half to a one-sixth interest. [217]

COMPLAINT for divorce filed in the Middlesex Division of
the Probate and Family Court Department on July 14, 1988.

The case was heard by *Vincent F. Leahy*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Francis E. Jenney*, for Dawn Lauricella, submitted a brief.

GREANEY, J. In this divorce action, a judge of the Probate
and Family Court ruled that the beneficial interest of Joseph
Lauricella (husband) in real estate held in trust is not a mar-
ital asset divisible under G. L. c. 208, § 34 (1988 ed.). Dawn
Lauricella (wife) appealed, and we transferred the case to
this court on our own motion. We conclude that the hus-
band's interest is part of his marital estate and subject to

equitable division under § 34.[1] Accordingly, we reverse and remand for further proceedings.

The facts (taken from the judge's memorandum and the materials before him) are as follows. In 1976, Joseph E. Lauricella, the husband's father, created a trust which has as its sole asset a two-family house located at 22-24 Mague Avenue in West Newton. The husband's father was the original trustee; his wife and two children (the husband and his sister) were the beneficiaries. The declaration of trust provides that the trust is to last for twenty-one years from the death of the husband's father, during which the beneficiaries have equitable interests with no power to require partition or distribution. The interests of the beneficiaries are restricted by a spendthrift clause that provides in part that their interests are inalienable and not subject to any legal or equitable proceedings by creditors or others. The trust is subject to amendment upon a unanimous vote of the trustee or trustees and beneficiaries. The trust also is subject to termination by the trustee or trustees if they sell the res and turn the proceeds over to the beneficiaries. Upon the natural termination of the trust, the res is to be distributed in equal shares to the beneficiaries.

The parties were married in 1983. The husband's father died in 1986, as did his wife shortly thereafter. Successor trustees have been appointed. During the marriage, the parties resided in the trust property in one of its two apartments. The husband's sister resided in the other apartment. Throughout the period of the marriage after their mother's death, the husband and his sister were the sole beneficiaries of the trust. In 1988, the wife filed a complaint for divorce and requested an equitable division of the marital property. The wife has physical custody of the two minor children of the marriage and, according to the judge's memorandum, she "emphasize[d] that the trust res is the only 'asset' of any

---

[1] General Laws c. 208, § 34, provides in relevant part: "Upon divorce or upon a complaint in an action brought at any time after a divorce . . . the court may assign to either husband or wife all or any part of the estate of the other."

value in th[e] marriage, and that she need[ed] it financially."
The real estate was valued at $247,000. Thus the only sub-
stantial asset in dispute was the husband's beneficial interest
in the real estate.

The primary question before the probate judge was
whether the husband's beneficial interest in the trust prop-
erty was part of his marital estate and subject to equitable
division under G. L. c. 208, § 34. The judge reasoned that
the trust had "nothing, per se, to do with the marriage," that
the husband was neither settlor nor trustee, that the trust
could be amended, and that the husband could be eliminated
as a beneficiary. The judge then concluded that "the hus-
band's interest in his father's . . . trust is not a marital
asset."

1. *Status of the husband's interest.* Whether the husband's
interest in the trust property is part of his estate for purposes
of § 34 is a question of law that we are in as good a position
as the probate judge to answer. See *Lyons* v. *Lyons*, 403
Mass. 1003 (1988) (assuming that question whether attor-
ney's interest under a contingent fee agreement is divisible
property under § 34 is a question of law); *Hanify* v. *Hanify*,
403 Mass. 184, 186-190 (1988) (assuming that question
whether party's interest in a pending lawsuit is divisible
property under § 34 is a question of law).[2] Our starting point
in analyzing the question is the statute itself.

Although the legislative history of § 34 is "sketchy,"
Inker, Walsh & Perocchi, Alimony and Assignment of Prop-
erty: The New Statutory Scheme in Massachusetts, 10 Suf-
folk U.L. Rev. 1, 2 n.4 (1975), it is established that "[t]he
purpose of § 34 is to 'empower[ ] the courts to deal broadly

---

[2]This determination involves neither an exercise of discretion nor consid-
eration of the enumerated § 34 factors. The statement in *Davidson* v. *Da-
vidson*, 19 Mass. App. Ct. 364, 373 (1985), that "[t]he determination
whether to include a particular interest in the property to be divided lies
within the sound discretion of the judge after consideration of all of the
§ 34 factors" is not to the contrary. There, the court decided as matter of
law that a remainder interest in a spendthrift trust *could* be divisible. *Id.*
at 372. Whether to divide the interest, however, was left to the judge's
discretion.

with property and its equitable division incident to a divorce proceeding. Such broad discretion is necessary in order that the courts can handle the myriad of different fact situations which surround divorces and arrive at a fair financial settlement in each case.'" *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 371 (1985), quoting *Rice* v. *Rice*, 372 Mass. 398, 401 (1977).

The specific statutory term at issue here, "estate," has been defined by this court as "all property to which [a spouse] holds title . . . whenever and however acquired." *Rice* v. *Rice*, *supra* at 400. In the past, in considering whether particular interests constitute part of the property of the marital estate of a party to a divorce, this court has not been bound by traditional concepts of title or property. Instead, we have held a number of intangible interests (even those not within the complete possession or control of their holders) to be part of a spouse's estate for purposes of § 34. Such interests include nonvested pension rights, see *Dewan* v. *Dewan*, 399 Mass. 754, 755 (1987), rights in pending lawsuits, see *Hanify* v. *Hanify*, *supra* at 186-190, and rights under a contingent fee agreement, see *Lyons* v. *Lyons*, *supra* at 1003. See also *Sullivan* v. *Burkin*, 390 Mass. 864, 872 n.6 (1984) (noting that a spouse's § 34 estate can include trust assets in some circumstances). The Appeals Court has been similarly unconstrained, and, in cases more nearly resembling this one on their facts, has found that interests in trust property also may be part of a party's divisible estate on divorce. See *Wolfe* v. *Wolfe*, 21 Mass. App. Ct. 254, 256-257 (1985) (holding that, where husband was cosettlor and cotrustee, trust principal may be invaded under § 34 to satisfy alimony obligation); *Davidson* v. *Davidson*, *supra* at 371-372 (holding that husband's remainder interest in a trust, subject to a spendthrift clause and the condition of survivorship, was divisible under § 34).[3]

_____

[3]After acknowledging decisions of this court barring a wife from recovering against her husband's interest in a spendthrift trust (see *Burrage* v. *Bucknam*, 301 Mass. 235 [1938]; *Bucknam* v. *Bucknam*, 294 Mass. 235 [1938]), the *Davidson* court assumed that the spendthrift provisions in the

Beyond § 34 and Massachusetts precedents, review of the opinions of other States that have considered this or analogous questions reveals no clear consensus. See generally Note, The Trust in Marital Law: Divisibility of a Beneficiary Spouse's Interests on Divorce, 64 Tex. L. Rev. 1301 (1986); Annot., Divorce Property Distribution: Treatment and Method of Valuation of Future Interest in Real Estate or Trust Property not Realized During Marriage, 62 A.L.R.4th 107 (1988). Construing statutes generally similar to § 34, courts of several States have held that vested beneficial interests in trust assets are divisible. See *Burrell* v. *Burrell*, 537 P.2d 1, 2-3, 6 (Alaska 1975); *Buxbaum* v. *Buxbaum*, 241 Mont. 1, 6-7 (1984); *Bentson* v. *Bentson,* 61 Or. App. 282, 284-285 (1983) (holding that contingent, as well as vested, interests are divisible). See also *Trowbridge* v. *Trowbridge*, 16 Wis. 2d 176, 184 (1962) (construing earlier version of Wisconsin statute).[4] Other States with statutes similar to § 34 have taken a contrary position. See *Rubin* v. *Rubin*, 204 Conn. 224, 228-232 (1987) (involving only residual interest in trust); *Loeb* v. *Loeb*, 261 Ind. 193, 200-206 (1973) (involving discretionary trust); *Storm* v. *Storm*, 470 P.2d 367, 370-371 (Wyo. 1970) (involving testamentary trust).[5]

---

trust in dispute there did not interfere with its divisibility under § 34. *Id.* at 371-373. Pre-1974 authorities implicitly support this assumption. See Restatement (Second) of Trusts § 157 (a) & comment a (1957); 2 A.W. Scott, Trusts §§ 157-157 (3d ed. 1967). In light of the present scope of § 34 (and of broad judicial interpretations of the statute), the *Davidson* court's supposition is not inconsistent with our earlier decisions.

[4]On a related question, at least two States have held that vested remainders in land are divisible on divorce. See *McCain* v. *McCain*, 219 Kan. 780 (1976); *Hill* v. *Hill*, 197 Mont. 451 (1982).

[5]See and compare the opinions of common law States and States with property division statutes that differ from § 34. *Hussey* v. *Hussey*, 280 S.C. 418, 425 (1984) (implying that vested remainder in trust assets is divisible); *Frank G.W.* v. *Carol M.W.*, 457 A.2d 715, 720-726 (Del. 1983) (trust interest is not "acquired" for purposes of division until it becomes possessory); *Kroha* v. *Kroha*, 265 Ark. 170, 172-174 (1979) (trust corpus indivisible); *Bacher* v. *Bacher*, 520 So. 2d 299, 300 (Fla. Dist. Ct. App. 1988) (trust income available or disbursed to spouse is subject to division); *In re Marriage of Rosenblum*, 43 Colo. App. 144, 146 (1979) (interest in discretionary trust indivisible).

These decisions turn more on the attributes of the respective disputed interests than on principles of general application.

In this case, the husband has a present, enforceable, equitable right to use the trust property for his benefit.[6] He exercised this right during the marriage by using one of the dwelling units in the property as the marital domicil. He can continue to use the property as a residence (as apparently he is doing), or he can generate income by renting his unit. The husband also has a vested right to the future receipt of a share of the legal title to the trust property. This interest is subject to divestment only if he does not survive until the trust terminates according to its terms. As the husband is only about twenty-six years old, the likelihood is that he will survive to receive his share of the title.[7] The spendthrift clause is not a bar.

The husband's interest is unlike a mere expectancy of the type that this court has held to be outside of the divisible estate under § 34. See *Drapek* v. *Drapek*, 399 Mass. 240, 244 (1987) (enhanced future earning potential created by professional degree); *Yannas* v. *Frondistou-Yannas*, 395 Mass. 704, 714 (1985) (enhanced future earning potential due to grant of patent). See also *Davidson* v. *Davidson*, *supra* at 374 (anticipated inheritance from living testator). The husband's rights in the trust property are present, enforceable, and valuable. His interest originated before the marriage and expanded during its course. See *Hanify* v.

---

[6]During the course of the marriage, the husband's interest in the trust property expanded when his mother died. This left only the husband and his sister as beneficiaries.

[7]The husband could be removed as a beneficiary if all beneficiaries (including himself) and the trustees assented. This fact does not detract from the conclusion that the husband's interest is part of his divisible estate. So far as the record indicates, the husband has not yet been eliminated as a beneficiary. Were he to attempt to eliminate himself, the court would be free to consider whether his actions constituted an improper effort to frustrate the wife's right to an assignment of property, see, e.g., *DuMont* v. *Godbey*, 382 Mass. 234, 237 (1981); *Aronson* v. *Aronson*, 25 Mass. App. Ct. 164, 166-167 (1987), and cases cited, or an equally improper effort to manipulate his resources to avoid his legal obligations. See *Barron* v. *Barron*, 28 Mass. App. Ct. 755, 759 (1990), and cases cited (referring to support obligation).

*Hanify*, *supra* at 188. The fact that valuation of the interest may be difficult does not alter its character as a divisible asset, see *id.*, citing *Dewan* v. *Dewan*, 399 Mass. at 755-757; nor does its inalienability change its character as divisible. See *Davidson* v. *Davidson*, *supra* at 372. We conclude that the husband's beneficial interest in the trust property is subject to equitable division under § 34. Accordingly, there must be further proceedings with respect to the wife's application for an equitable division.

2. *Proceedings on remand.* Days after the wife filed her complaint for divorce, the successor trustees and the beneficiaries voted to amend the declaration of trust essentially by naming the minor children of the husband and the children of the husband's sister as beneficiaries, and by providing that the interests of any deceased beneficiaries shall be distributed pursuant to their respective wills or by the intestacy statutes. The husband and his sister each have two children. Therefore, the effect of this amendment was to reduce the husband's beneficial interest in the trust from a one-half to a one-sixth interest. On remand, it will be necessary for the judge to consider the propriety of this amendment. See note 7, *supra.*

We leave the questions of valuation and division to the judge's broad discretion, but for these general observations. As to valuation, the trust res is improved real estate subject to an income-producing use and of a readily quantifiable value. It obviously will not be difficult to attach a value to the husband's interest. Regarding division, we consider significant that the wife has a relatively low earning capacity and is the primary caretaker of the children. See *Thompson* v. *Thompson*, 11 Mass. App. Ct. 911 (1981).

So much of the judgment as states that the husband's interest in the trust is not a marital asset for purposes of consideration under G. L. c. 208, § 34, is reversed. The matter is remanded to the Probate and Family Court for further proceedings not inconsistent with this opinion.

*So ordered.*