Fecteau, J.
(dissenting, with whom Kantrowitz, J., joins). In my view, the husband’s interest in the 2004 income distribution trust (the 2004 trust) is too remote and speculative, too dependent on trustee discretion, and too elusive of valuation to have been included in the marital estate for purposes of division. Therefore, I respectfully dissent from that part of the majority opinion affirming the portion of the amended judgment that includes the husband’s interest in the 2004 trust in the marital estate for purposes of division pursuant to G. L. c. 208, § 34.
I recognize, as the majority points out, that the existence of a spendthrift clause within a trust instrument, such as the trust instrument at issue here, does not necessarily preclude the trust from being included in the marital estate. See Lauricella v. Lauricella, 409 Mass. 211, 216 (1991). Moreover, it is also accurate for the majority to state that the uncertainty of value of a party’s interest in an asset alone is not necessarily sufficient to *138 preclude consideration of the interest as subject to division. See id. at 217. Last, I agree that the trust at issue here contains an ascertainable standard — namely, the “comfortable support, health, maintenance, welfare, and education” of each member of the class. However, each of the aforementioned propositions cannot be viewed in isolation but, rather, must be read together and in the context of the entire trust instrument. As discussed further infra, the trust instrument as a whole, including but not specifically limited to the spendthrift clause, the uncertain value of the interest, and the discretionary nature of the instrument, renders the husband’s interest in the trust too speculative and remote for inclusion in the divisible estate. See D.L. v. G.L., 61 Mass. App. Ct. 488, 496-497 (2004).
At the outset, the wife’s reliance upon Comins v. Comins, 33 Mass. App. Ct. 28 (1992), is misplaced, as it does not govern the present case in material respects. In Comins, the wife was the beneficiary of a fund “held as a separate trust,” for her sole benefit, that had been settled and funded by her father, the terms of which provided that “the trustee should ‘in its discretion pay to [the wife] so much or all of the income and principal of [the trust] as in its discretion it deems advisable to provide for the comfort, welfare, support, travel and happiness of [the wife].’ ” Id. at 30 & n.4 (emphasis in original). The wife was also granted the power to appoint recipients of the trust corpus upon her death. Ibid. In addition, the trust had a fixed fair market value. Id. at 30. It was in this context that we concluded that the judge properly included in the marital estate the wife’s interest in the trust, stating, inter alia, that “[a]s in Lauricella [v. Lauricella, 409 Mass. at 216,] the wife has a ‘present, enforceable, equitable right to use the trust property for [her] benefit.’ ’,[1] Id. at 31. Compare Randolph v. Roberts, 346 Mass. 578, 579 (1964) (where Supreme Judicial Court, in discussing trust established for support of named beneficiary, stated: “[t]he trust confided exclusively to the discretion of the trustees the decision whether any principal should be used for the support of the defendant [beneficiary]. She has no absolute right to the use of any part of the principal, and could herself compel principal payments only by showing that the trustees had abused their discretion by acting arbitrarily, capri *139 ciously, or in bad faith”); Pemberton v. Pemberton, 9 Mass. App. Ct. 9, 20-21 (1980) (where, in case in which trust appears to have contained ascertainable standard, we stated, “if even apart from the spendthrift clause a trustee is given the discretionary power to distribute income or principal to described beneficiaries ‘any right of any beneficiary to receive anything is subject to the condition precedent of the trustee having first exercised his discretion’ ” [quotation and citation omitted]).
Unlike the trust in Comins, there are a number of considerations regarding the trust in the present case that militate against inclusion of the husband’s interest in the trust, for purposes of a division of property in the marital estate. First, the trust at issue has an open class and multiple beneficiaries, in different generations, to whom the trustees owe fiduciary duties.[2] This is in obvious contrast to the trust in Comins, which had as its sole beneficiary the wife, and the trust in Lauricella, of which the husband was one of two beneficiaries. Given that the trust at issue here has an open class, both the near-term and long-term interests of the beneficiaries are implicated. See D.L. v. G.L., 61 Mass. App. Ct. at 497 (citing as one factor generational nature of trust in concluding that husband’s interest in trust was too remote and speculative).
Second, the “ascertainable standard” in the present case cannot be read in isolation. It must be considered in the context of the terms of discretion in which it is found and of the entire trust instrument. While the trust instrument evinces an intent on the part of the husband’s father to benefit the husband (and the other beneficiaries) for specified purposes, it grants to the trustees discretion as to the amounts and timing of distributions and allows the trustees to take into account (among other factors) funds available from other sources. The trustees have made distributions in some years and not in others. In short, the husband’s interest in the 2004 trust stands on different footing from a party’s interest in cases where interests are more clearly fixed *140 and certain. Compare Lauricella v. Lauricella, 409 Mass. at 216-217 (husband’s interest in trust rightfully included in marital estate where husband was one of two beneficiaries, and trust was completely funded by sole asset, which was house in which husband had regularly resided previously and from sale of which husband could profit); Comins v. Comins, 33 Mass. App. Ct. at 30-31 (wife’s interest in trust properly included in marital estate where wife was sole beneficiary of separate trust which had fixed fair market value).
Significantly, valuation of the husband’s interest is too speculative to stand and further demonstrates why the interest should not have been included in the estate. There are serious problems in this case with respect to the judge’s determination that the husband has a one-eleventh interest in the 2004 trust which underscore the difficulty of establishing the husband’s interest and undermine the judge’s valuation of that interest. Simply put, the judge’s determination of the husband’s one-eleventh interest, and the valuation that flows therefrom, should not stand. Not only does the trust instrument make clear that the class of beneficiaries is open (and the number of beneficiaries may well increase), but the trust also allows for distributions to be made in equal or unequal shares, and upon consideration, in the trustees’ discretion, of funds available from other sources for the needs of each beneficiary.[3] Furthermore, determination of the husband’s interest in the principal amount at that time at one-eleventh places him, and the wife, by virtue of this ruling, in an unfair advantage, not only vis-a-vis possible additional beneficiaries, but also in the event of a deterioration in the trust corpus (which appears not unlikely given the scrutiny of “for-profit” educational institutions by the Federal government).[4] In the circumstances of this case, the fractional share methodology employed by the judge has *141 produced an arbitrary result. See Adams v. Adams, 459 Mass. 361, 386 (2011); Ray-Tek Servs., Inc. v. Parker, 64 Mass. App. Ct. 165, 175 (2005) (“Valuation of assets . . . should be based on evidence that shows it by a fair degree of certainty and accuracy” [citation omitted]).[5]
The majority makes note of what it considers machinations on the part of the trustees to discontinue trust payments to the husband on the eve of the divorce filing in an effort to paint the husband’s interest as remote and speculative where it never had been previously. However, the primary focus of the instant inquiry should be the terms of the trust instrument itself, not how those terms may be or have been manipulated. In other words, consideration of such manipulation must be secondary to the terms of the trust instrument itself.[6]
In addition to the aforementioned issues, inclusion of the husband’s interest in the trust will create practical problems. Namely, the judge’s decision to include the husband’s beneficial interest in *142 the trust as a divisible asset of the marital estate means that administrative hardships — in the form of future litigation — are not only possible but very likely. See Williams v. Massa, 431 Mass. 619, 628 (2000) (court, in discussing husband’s unspecified “contingent remainder interests,” stated: “[n]either the present assignment of a percentage of a contingent interest’s value, nor a future award on an ‘if and when’ basis, avoids administrative hardships inherent in the valuation of expectant interests or in the requirement of continued court supervision”). Here, not only are there administrative hardships inherent in the valuation of the husband’s interest, but continued court supervision looms large, as the judge’s decision appears to envision future actions by the husband and the trustees (which could conceivably result in ancillary litigation). Also, it should be noted that, unlike alimony, property divisions are not subject to modification. See Hanify v. Hanify, 403 Mass. 184, 193 (1988) (Liacos, J., concurring in part and dissenting in part). This is important given that the class is open and subject to growth, thereby making the valuation even more dubious.
On all of the circumstances, the husband’s interest in the trust should not have been included in the marital estate. Rather, this interest should have been weighed under the G. L. c. 208, § 34, criterion of “opportunity of each [spouse] for future acquisition of capital assets and income.” For this reason, I dissent.

 The sole asset of the trust in Lauricella was a two-family house, and the Supreme Judicial Court stated that the husband in that case had exercised his right to use the property during the marriage by residing in one of the dwelling units in the house. Lauricella v. Lauricella, 409 Mass. at 212, 216.

 There are currently eleven beneficiaries of the 2004 trust — the husband and his two siblings, and their eight children. The judge noted that neither the husband nor his siblings have grandchildren “at this time.” Only the husband and his two siblings have received any distributions from the 2004 trust to date. The trust also provides that, until the death of the donor, the independent trustee is authorized, “in its sole and absolute discretion, to add one or more spouses of the Donor’s issue as a permissible beneficiary of the income and principal of any trust established hereunder.”

 Indeed, the judge acknowledged in her order denying the motion for stay pending appeal that the exact amount of the husband’s interest in the trust may be uncertain.

 There are two additional problems relating to valuation of the stocks at issue. First, the nature of the corporations — for-profit colleges — is such that shareholders of the corporations, such as the trust, are obligated to contribute money to the corporations yearly when the corporations are attempting to comply with Federal rules and regulations. Therefore, the trust corpus can fluctuate greatly depending on the financial needs of the corporations in relation to compliance with Federal law. Second, the two corporations in which the trust owns stock are close family corporations, and thus, it appears that the stocks are not publicly traded. Common sense dictates that this fact renders the stock even more difficult to value and presumably more difficult to sell (if the trustees *141 decided, in their discretion, to sell the stocks), and valuation necessarily depends on third-party appraisals only. It should also be noted that the trust’s thirty-six percent share in one corporation is a nonvoting share, and the professional trustee testified that there would not be a buyer for nonvoting shares such as these.

 The wife, in her proposed rationale, took the position that a disposition of the husband’s interest in the 2004 trust should not be made on an “if and when received” basis. Relying, in part, on Krintzman v. Honig, 73 Mass. App. Ct. 1124 (2009) (a case decided pursuant to Appeals Court rule 1:28), she asserted that such an approach is inappropriate (and essentially constitutes an illusory division) when it could enable the trustees to make distributions in a manner that would prevent her from obtaining the value of the marital asset to which she is entitled.

 It is worth noting that a trust for the parties’ son was established by the husband’s father when the son was bom. The son’s private school tuition is currently paid by the trust which, as of March, 2012, had a market value of approximately $158,000. The husband’s father and his husband’s father’s wife pay money into the trust and the husband is the trustee. The judge found that the husband’s father had indicated at trial that if the husband could not pay for something in connection with the son’s education, he and his wife would ensure that the son is taken care of through the age of twenty-three, or through an undergraduate program.
Similarly, the husband’s father established a trust for the parties’ daughter in her name. The husband’s father and his wife deposit money into the trust and the husband is the trustee. As of March, 2012, the trust had a market value of approximately $157,000. The judge found that the husband had indicated that should the funds in the daughter’s trust become insufficient to meet her needs, he would cover any expense. The husband’s father also testified that that he and his wife would ensure that the needs of the parties’ daughter were taken care of.