# United States Court of Appeals
## For the First Circuit

No. 20-1120

UNITED STATES OF AMERICA,

Appellee,

v.

EDWARD J. ABELL, III,

Defendant,

SHILO M. ABELL,

Claimant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Lipez, and Barron,
Circuit Judges.

Peter C. Horstmann for appellant.
Carol E. Head, Assistant United States Attorney, with whom
Andrew E. Lelling, United States Attorney, was on brief, for
appellee.

January 15, 2021

**LYNCH**, **Circuit Judge**.  Shilo Abell appeals from the district court's January 17, 2020 order, which granted the government's request to garnish her husband's 401(k) account, 26 U.S.C. § 401(k), and apply the proceeds to his nearly four-million-dollar criminal restitution obligations.  Shilo Abell argues on appeal that the district court erred in garnishing her husband's account without allocating to her some portion of the funds.  Because we find that Shilo Abell has no vested legal interest in her husband's account, we affirm.

## I. Background

Edward J. Abell, III and Shilo Abell are married and residents of Massachusetts.  Between 2006 and 2017 Edward Abell served in "finance-related positions," including Chief Financial Officer and Vice President of Finance, at four companies in the Boston area.[1]  Edward Abell used these roles to embezzle millions of dollars.  At each of the victim companies he created fake vendor profiles for a company called Pinehurst, which he controlled.  He then created fake invoices for work Pinehurst never performed, and issued checks to Pinehurst on behalf of his employers.  Once the money was deposited in the Pinehurst accounts, Edward Abell either spent it directly, or transferred it to his own personal and

---

[1]     Three of these companies were related entities.  After taking time off for poor health, Edward Abell began working at an unrelated firm and resumed the same scheme.

investment accounts. In total, Edward Abell embezzled approximately $3,879,750 between 2006 and 2017. On September 24, 2018 he pleaded guilty to eight counts of wire fraud, money laundering, and unlawful monetary transactions relating to this scheme.

At his sentencing hearing, Edward Abell represented to the court that he was able and willing to pay substantial restitution to his victims. The district court sentenced him to ninety-seven months' incarceration and three years of supervised release and ordered him to pay $3,879,750 in restitution. Edward Abell also forfeited an E*Trade account and other assets, including two cars and a property in Maine. Edward Abell did not challenge the restitution order in any direct appeal. In his appeal from his sentence, he again made the representation that he could make significant restitution, including from his 401(k) account. This court upheld his sentence in an unpublished judgment. United States v. Abell, No. 19-1125 (1st Cir. Sept. 16, 2019) (judgment affirming sentence).

Despite his promise to make substantial restitution, Edward Abell paid only $7,875 towards his restitution obligations -- most of which came from the sale of one of his forfeited vehicles. He took no money from his 401(k) account to meet his restitution obligations. With accrued interest his outstanding

balance grew to $3,922,484.02.[2] On July 29, 2019, the government asked the district court for a writ of garnishment directed at Edward Abell's 401(k) plan, which Edward Abell held individually in his own name.[3] The account had a value of roughly $393,500. After deducting taxes and early withdrawal fees, the government asked that the full balance of the account be paid towards Edward Abell's restitution balance.

Both Edward and Shilo Abell opposed the government's motion for a writ of garnishment. Edward Abell argued that his 401(k) plan was exempt from forfeiture pursuant to 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334. He also joined in his wife's objections. Even though she has not divorced her husband, Shilo Abell argued that the district court should find that Massachusetts divorce law implicitly recognizes a vested legal interest by spouses in their husband's or wife's property, entitling her to a portion of the account payout. The district court rejected these objections and issued a garnishment order. It observed, "[i]t is undisputed that the Abells are still married. In the absence of a divorce decree or other qualifying domestic relations order, state property law will not displace federal law." The district

---

[2]    At the time of the district court's order his restitution amount had further increased to $3,968,490.35.

[3]    The writ of garnishment was directed at both the plan and the plan administrator.

court found Shilo Abell's remaining arguments that she held a vested legal interest in the 401(k) account unpersuasive because "[Edward Abell] was entitled to receive, without spousal consent, $393,500, the approximate total value of the vested funds in his 401(k) Account." Shilo Abell brought this timely appeal.

## II. Discussion

The Federal Debt Collection Procedures Act authorizes the government to use writs of garnishment to collect on restitution orders. United States v. Witham, 648 F.3d 40, 49 (1st Cir. 2011); 28 U.S.C. § 3001 et seq. Shilo Abell does not challenge the government's authority to garnish her husband's account in this appeal. Rather, she renews her claim that Massachusetts law gives her a vested legal interest in Edward Abell's 401(k) account. She also argues for the first time on appeal that the contingent death benefit in the plan gives her some current interest in the account. Her remaining arguments rely on this initial premise that she has a current vested legal interest in the 401(k) account under Massachusetts divorce law and/or under the terms of the 401(k) plan itself. Because we reject both of these arguments we do not reach her other claims. Nor do we reach any broader argument as to the Employee Retirement Income Security Act of 1974 (ERISA), the Mandatory Victim Restitution Act (MVRA), or preemption.

We review the district court's interpretation of Massachusetts law de novo.[4] Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991). We review the argument about the contingent death benefit in the policy for plain error because Shilo Abell failed to raise it before the district court. Rodriguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 65 n.11 (1st Cir. 2005).!

As to the Massachusetts law argument, under any standard of review, there was no error in the district court's decision. Shilo Abell does not dispute that Edward Abell held the 401(k) account individually, in his own name only. She argues instead that Massachusetts divorce law recognizes that both spouses have a vested property interest in a retirement account that one spouse holds individually. She points to Mass. Gen. Laws ch. 208, § 34, which states in relevant part,

> Upon divorce or upon a complaint in an action brought at any time after a divorce . . . the court of the commonwealth . . . may make a judgment for either of the parties to pay alimony to the other . . . . In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other, including but not limited to, . . . retirement benefits . . . .

---

[4] As the government notes, this court has not yet announced the standard of review for an appeal from a writ of garnishment, but other circuits review for abuse of discretion. See, e.g., United States v. Smith, 768 F. App'x 926, 931 n.3 (11th Cir. 2019); United States v. Clayton, 613 F.3d 592, 595 (5th Cir. 2010).

- 6 -

Nothing in that statute indicates that both spouses have a vested property right in any retirement account that one spouse holds individually before divorce.

To the contrary, Massachusetts case law makes clear that § 34 only governs the division of property as it exists at the time of divorce. "[I]n making a division of assets the judge [is] limited, for better or worse, to the property owned by the parties at the time of the divorce." Heins v. Ledis, 664 N.E.2d 10, 16 (Mass. 1996).

Further, the terms of § 34 require rejection of her argument for another reason. The statute authorizes the court to "assign" "all or any part of the estate of the other" to one spouse. The court could not "assign" a portion of one spouse's estate to the other if both spouses had a pre-existing vested interest in the property, as Shilo Abell claims. Massachusetts case law confirms this view. The Massachusetts Supreme Judicial Court defines "estate" as used in § 34 to mean all property held by "a spouse." Dalessio v. Dalessio, 570 N.E.2d 139, 142 (Mass. 1991) (citing Lauricella v. Lauricella, 565 N.E.2d 436, 438 (Mass. 1991)). The fact that Massachusetts recognizes that each spouse individually holds an estate composed of their own property refutes Shilo Abell's claim that Massachusetts law creates some vested interest for one spouse in property held individually in his or her spouse's name. Shilo Abell has not pointed to a single case

from Massachusetts that states § 34 creates or recognizes some pre-divorce property interest. Indeed, the case law she cites largely discusses California's community property rules and other issues not relevant here.

Shilo Abell next argues that Edward Abell's 401(k) plan itself gives her a vested interest in the account because she would be entitled to a death benefit if Edward Abell were to pass away. Under the terms of the plan, "[i]f you are married at the time of your death, your spouse will be the beneficiary of the entire death benefit unless an election is made to change the beneficiary." That the plan required consent in writing from both spouses to change the beneficiary during marriage does not give Shilo Abell a vested interest in the death benefit. Indeed, the death benefit in the plan would be explicitly contingent on a number of circumstances. It states, "[i]f you have designated your spouse as your beneficiary for all or part of your death benefit, then upon your divorce[] the designation is no longer valid." Edward Abell could also choose to "have [his] vested account balance distributed to [him] as soon as administratively feasible following [his] termination of employment." Receiving this lump sum payout would not require spousal consent. And, of course, any death benefit was contingent on the balance that remained in the account and the beneficiary surviving the plan-holder. In these circumstances Shilo Abell fails to show how this creates a current

vested legal interest in the account. She is entitled to payment only if (1) Edward Abell does not unilaterally choose to receive his full 401(k) balance in a single lump-sum payment before his death, (2) there are still assets in the account at the time of Edward Abell's death, (3) Shilo and Edward Abell remain married until Edward Abell's death, and (4) Edward Abell predeceases Shilo Abell. There is no requirement in the plan that some portion of the plan funds be administered for the benefit of the current death beneficiary. We conclude it was not plain error for the district court to issue the writ of garnishment without compensating Shilo Abell for her contingent death benefit under the policy.

In all, Shilo Abell cannot rely on either Massachusetts divorce law or the contingent death benefit provision in the 401(k) policy when her husband is not deceased and the Abells are not divorced. Shilo Abell has not pointed to a single authority that recognizes a spousal vested interest in a 401(k) account in circumstances similar to this case. Because she has no interest in her husband's 401(k) account, we reject her challenge to the garnishment order without reaching her additional arguments.[5]

The order of the district court is <u>affirmed</u>.

---

[5] Shilo Abell's Fourth Amendment argument is meritless because it relies on the assumption that she had a "lawful interest" in Edward Abell's account. None of her remaining claims provide this court with any reason to conclude she has a current legal interest in her husband's retirement account.