NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-370

RHONDA L. RENAUD

vs.

ROGER J. RENAUD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Roger J. Renaud, the husband, appeals from a judgment of divorce nisi entered by a judge of the Probate and Family Court awarding alimony, dividing the marital estate, and ordering the husband to pay the attorney's fees of the wife, Rhonda L. Renaud.[1] On appeal, the husband claims that the alimony amount was excessive and the award of attorney's fees unreasonable. He also asserts that the judge improperly overlooked the wife's residence and the husband's credit card debts when dividing the marital estate. We vacate so much of the corrected judgment as it relates to the duration of the alimony award and remand the

---

[1] After the husband filed a timely notice of appeal from the judgment, a corrected judgment entered, nunc pro tunc to the original judgment date. The corrected portion of the judgment does not pertain to the issues raised on appeal. Accordingly, we treat this appeal as one from the corrected judgment.

case for recalculation on that issue consistent with this memorandum and order.  We otherwise affirm.

Discussion.  1.  Alimony.  We review the amount of an alimony award for an abuse of discretion.  See Cavanagh v. Cavanagh, 490 Mass. 398, 405 (2022).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives."  See Dolan v. Dolan, 99 Mass. App. Ct. 284, 290 n.6 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The husband claims that the alimony award exceeded the statutory durational limit for general term alimony.  We agree.  Under the Alimony Reform Act of 2011 (act), "general term alimony shall terminate no later than a date certain," with the termination date determined by the length of the marriage.  G. L. c. 208, § 49 (b).  The act defines the length of the marriage as "the number of months from the date of legal marriage to the date of service of a complaint or petition for divorce or separate support."  G. L. c. 208, § 48.  Here, the judge found that the length of the marriage was 110 months, or nine years and two months.[2]  Since the marriage lasted more than

_____

[2] The date of the parties' marriage was October 10, 2010.  The wife filed the complaint for divorce on November 13, 2019, and

2

five years and less than ten, the act required alimony to continue for "not longer than [sixty percent] of the number of months of the marriage."  See G. L. c. 208, § 49 (b) (2).  Sixty percent here was sixty-six months.  The judge ordered the husband to pay alimony from November 26, 2021, to April 26, 2028, a period of seventy-seven months.  The alimony order therefore exceeded the durational limit by eleven months.

The wife claims that the judge properly extended the duration of alimony because the parties began cohabiting in August 2007, more than three years prior to their marriage.  The act provides that "the court may deviate from duration and amount limits for general term alimony . . . upon written findings that deviation is necessary."  G. L. c. 208, § 53 (e).  The act lists nine potential grounds for deviation, including "significant premarital cohabitation that included economic partnership . . . which the court may consider in determining the length of the marriage."  G. L. c. 208, § 53 (e) (6).  The act's definition of the length of the marriage also permits the court to consider evidence that the parties began an economic marital partnership during a period of cohabitation prior to

the husband filed an answer and counterclaim on December 6, 2019.  The judge apparently used December 6 as the end date of the marriage instead of November 13, the date that the complaint was filed.  But even if the judge had used November 13, the length of the marriage would still have been in the five-to-ten-year bracket for purposes of the act (nine years and one month).

3

marriage.  G. L. c. 208, § 48.  In relation to the durational limit, the act allows for a deviation that prolongs the presumptive period of alimony only "upon a written finding by the court that [the deviation is] required in the interests of justice."  G. L. c.  208, § 49 (b).  See Duff-Kareores v. Kareores, 474 Mass. 528, 540 (2016).  Judges may therefore increase the length of a marriage to include a prior period of economic marital partnership, but the judge must consider the relevant statutory factors and make written findings.  See Duff-Kareores, supra.  To determine whether the parties were in an economic marital partnership, the judge must consider the factors set out in G. L. c. 208, § 49 (d) (1).  See Duff-Kareores, supra at 535.  And to determine whether a deviation is necessary, the judge must consider the factors set out in G. L. c. 208, § 53 (e).  See Duff-Kareores, supra at 540.

Here, the judge's findings stated only that the parties' marriage was 110 months long and that alimony would "terminate consistent with the statute."  The judge did not make a written finding that the parties cohabited or engaged in an economic marital partnership prior to their marriage.  See G. L. c. 208, § 49 (d) (1); Duff-Kareores, 474 Mass. at 535.  And the judge did not state in writing that a deviation from the statutory durational limit was necessary.  G. L. c. 208, § 49 (b).  Without the required written findings to support a deviation,

4

the durational limit of the alimony award was outside the judge's discretion. See L.L., 470 Mass. at 185 n.27; Dolan, 99 Mass. App. Ct. at 290 n.6. The alimony award must end sixty-six months from November 26, 2021, unless modified in the future.

The husband also claims that the amount of the alimony award exceeded the wife's financial needs and the husband's ability to pay. The act defines alimony as "the payment of support from a spouse, who has the ability to pay, to a spouse in need of support for a reasonable length of time, under a court order." G. L. c. 208, § 48. The act does not define "need of support" or "ability to pay" but instead "identifies a number of factors that a judge must consider in 'determining the appropriate form of alimony and in setting the amount and duration of support,' and gives the judge the discretion to consider other factors that the judge deems 'relevant and material.'" See Young v. Young, 478 Mass. 1, 5 (2017), quoting G. L. c. 208, § 53 (a). The act further provides that "the amount of alimony should generally not exceed the recipient's need or [thirty to thirty-five percent] of the difference between the parties' gross incomes." G. L. c. 208, § 53 (b). The recipient's need is generally the amount required to continue the marital lifestyle. See Young, supra at 6.

In this case, the judge awarded alimony of $150 per week, less than twenty-five percent of the difference between the

parties' gross incomes.  The judge's written findings considered the required factors, including, among other considerations, the parties' modest marital lifestyle and their age, health, employment, income, assets, and contributions to the marriage. See G. L. c. 208, § 53 (a).  The evidence before the judge also supported the conclusion that $150 per week would allow the wife to meet her needs and was within the husband's ability to pay. Because the judge considered the proper factors, including the wife's need and the husband's ability to pay, the award was not erroneous.[3]  See Zaleski v. Zaleski, 469 Mass. 230, 243 (2014) (need must be measured in light of mandatory considerations including marital lifestyle).

2. Division of marital property.  The husband claims the judge improperly excluded the wife's residence and the husband's credit card debt when dividing the marital estate.  Our review

---

[3] The husband further asserts that the alimony award did not account for the wife's earning potential.  There was no expert testimony regarding the wife's earning potential, but the judge credited the wife's testimony that she suffered from posttraumatic stress disorder, anxiety, and pain in her knees when she worked long hours.  The judge also found that the wife had no education or training since high school and had never held a full-time job.  These findings indicate the judge considered the wife's "employability through reasonable diligence and additional training" and concluded that the wife was capable of working a twenty-five-hour week.  G. L. c. 208, § 53 (a).  The wife also testified that her job is seasonal, so she sometimes works fewer than twenty hours per week.  Based on these findings, the decision to calculate alimony based on the wife's current income, not her earning potential, was within the judge's discretion.

of a property division upon divorce is a two-step analysis. See Connor v. Benedict, 481 Mass. 567, 578 (2019). "First, we review the judge's findings to determine whether [she] considered all the relevant factors under G. L. c. 208, § 34, and no irrelevant factors. Second, if the judge has done so, we will not reverse a judgment unless it is plainly wrong and excessive" (quotations and citations omitted). Id. The marital estate is defined as "all property to which [a spouse] holds title . . . whenever and however acquired." Lauricella v. Lauricella, 409 Mass. 211, 214 (1991), quoting Rice v. Rice, 372 Mass. 398, 400 (1977). Judges have broad discretion to arrive at a fair and equitable division of the marital estate incident upon divorce. See Lauricella, supra at 213-214.

Here, the judge found that the wife's cousin transferred to the wife a fifty percent interest in her residence after the wife moved out of the marital home. The judge stated in her rationale that the wife's interest in the residence was excluded in calculating the division of the marital estate, but the judge included the wife's residence as part of the division of assets and liabilities in the judgment. The judge also considered the proper factors relevant to the wife's residence in her rationale. See G. L. c. 208, § 34 (factors to be considered include parties' estates and their contributions to acquisition of their estates). Regarding the husband's credit card debts,

7

the judge included liabilities in the judgment even though she did not discuss them in her rationale. See G. L. c. 208, § 34. The judgment stated that each party was responsible for the debts on their respective financial statements. The judge therefore considered the factors set out in G. L. c. 208, § 34, and no irrelevant ones. The assignment of the wife's residence exclusively to her, and the parties' credit card debts exclusively to each of them, was not plainly wrong or excessive. See Connor, 481 Mass. at 578; Davae v. Davae, 100 Mass. App. Ct. 54, 62 (2021) ("goal of G. L. c. 208, § 34, is an equitable, rather than an equal distribution of the marital estate" [citation and quotation omitted]).

3. Attorney's fees. The husband's final claim is that the judge unreasonably ordered him to pay $6,000 toward the wife's attorney's fees. "An award of attorney's fees . . . will not be disturbed unless there is an abuse of discretion." Hunter v. Rose, 463 Mass. 488, 499 (2012). See G. L. c. 208, § 38. Here, the judge ordered the husband to pay $3,200 toward the wife's attorney's fees in a January 2021 temporary order and a further $2,800 in the judgment of divorce. The judge explained that the wife incurred additional expenses during the trial because the husband did not disclose several vehicles registered in his name but owned by his brother. This explanation, as well as the judge's firsthand observations of the parties and of the wife's

8

counsel, convinces us that the award of fees was reasonable. See Murphy v. Murphy, 82 Mass. App. Ct. 186, 187 n.1, 195 (2012) (order to pay $9,000 in attorney's fees was reasonable where there was substantial income disparity between parties and judge had ample opportunity during trial to observe wife's counsel).

Conclusion. We vacate subsection e of paragraph 3 of the corrected judgment and remand the case for the limited purpose of recalculating the duration of alimony consistent with this memorandum and order. In all other respects the corrected judgment is affirmed.

So ordered.

By the Court (Meade,
    Desmond & Hand, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered: March 31, 2023.

---

[4] The panelists are listed in order of seniority.

9