NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-323

VENICE C. SCOTT

vs.

DON HUGH HILL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff (wife) appeals from a judgment of divorce nisi issued to her and the defendant (husband) after trial.  The wife asserts the judge of the Probate and Family Court erred in her division of marital property, namely, the parties' four parcels of real estate.  The wife further contends the judge abused her discretion with respect to the child custody determination because she failed to make needed findings about allegations of domestic abuse in determining the child's best interests.  We vacate so much of the judgment as pertains to child custody and the parenting plan, and remand for explicit findings as set forth herein.  In all other respects, we affirm.

Discussion. "We review the judgment and the subsidiary findings of fact for abuse of discretion or other error of law." E.K. v. S.C., 97 Mass. App. Ct. 403, 409 (2020), quoting Murray v. Super, 87 Mass. App. Ct. 146, 148 (2015). "A trial judge's findings of fact will not be set aside unless clearly erroneous." E.K., supra, quoting Altomare v. Altomare, 77 Mass. App. Ct. 601, 602 (2010). "The reviewing court will give due regard to the judge's assessment and determination of credibility of the witnesses and the weight of the evidence." E.K., supra. "Unless there is no basis in the record for the judge's decision, we defer to the judge's evaluation of the evidence presented at trial" (citation omitted). Ardizoni v. Raymond, 40 Mass. App. Ct. 734, 737 (1996).

1. Property division. "Under G. L. c. 208, § 34, judges possess broad discretion to divide marital property equitably." Dalessio v. Dalessio, 409 Mass. 821, 830 (1991), S.C., 413 Mass. 1007 (1992). "[T]he purpose of § 34 is to 'empower the courts to deal broadly with property and its equitable division incident to a divorce proceeding'" (alteration omitted). Lauricella v. Lauricella, 409 Mass. 211, 213-214 (1991), quoting Davidson v. Davidson, 19 Mass. App. Ct. 364, 371 (1985). "No specific formula need be followed to fashion an equitable judgment under § 34" (citation and alteration omitted). Dalessio, supra. Our review is limited to "examin[ing] the

2

judge's findings to determine whether all relevant factors in § 34 were considered," and "whether the reasons for the judge's conclusions are apparent in [the] findings and rulings" (quotation and citations omitted). Adams v. Adams, 459 Mass. 361, 371 (2011). Such findings may be disturbed only if they are "plainly wrong and excessive" (citation omitted). Id.

We discern no error in the trial judge's decision to award sixty percent of the marital property to the wife and forty percent to the husband. In reaching her conclusion, the judge considered each factor mandated by G. L. c. 208, § 34. The judge reasoned that, although the wife "had at a young age purchased the first parcel of [marital property] . . . [the husband] was instrumental in seeking out and causing major renovations to be performed on at least two of" the three properties acquired during the marriage. She specifically credited the husband's testimony that he assisted the wife with her debt, provided funds to aid in the purchase of the marital properties, and performed numerous renovation projects -- all of which "dramatically" increased the rents and values of the properties. By contrast, the trial judge "[did] not find [the wife's] testimony credible" that "she alone was responsible for the funds with which to purchase all properties and that she alone was solely financially responsible for the care, maintenance and renovations of all properties." The judge's

3

division of marital property "provides for [the wife's] acquisitions prior to marriage and recogni[zes] . . . each [p]arty's contributions during the marriage," and was not "plainly wrong and excessive" (citation omitted).  Adams, 459 Mass. at 371.  See id.; Baccanti v. Morton, 434 Mass. 787, 791 (2001).

2.  Child custody determination.  "The judge's factual findings must be left undisturbed absent a showing that they are plainly wrong or clearly erroneous."  Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).  "[I]n reviewing the ultimate determination on custody and visitation, we consider whether there was an abuse of discretion in how the judge accounted for the child's best interests."  Id.

"Domestic violence is an issue too fundamental and frequently recurring to be dealt with only by implication."  Custody of Vaughn, 422 Mass. 590, 599 (1996).  "In issuing any temporary or permanent custody order, the probate and family court shall consider evidence of past or present abuse toward a parent . . . as a factor contrary to the best interest of the child."  G. L. c. 208, § 31A.  Accordingly,

> "[i]f, despite the prior or current issuance of a restraining order against one parent pursuant to chapter two hundred and nine A, the court orders shared legal or physical custody either as a temporary order or at a trial on the merits, the court shall provide written findings to support such shared custody order."

G. L. c. 208, § 31.  When joint custody is awarded in the context of an abuse prevention order, the absence of "explicit findings . . . attending specifically to the effects of domestic violence on the child and the appropriateness of the joint custody award in light of those effects" is an abuse of discretion.  Custody of Vaughn, supra at 599-600.

At the time of trial, there was an existing abuse prevention order issued against the husband as the defendant that named the wife as the plaintiff.  However, the judge's rationale lacks the written findings contemplated by Custody of Vaughn, 422 Mass. at 599-600, and G. L. c. 208, §§ 31, 31A. While the judge considered the evidence presented at trial, she only noted the wife's testimony regarding the alleged instance of domestic abuse that gave rise to the abuse prevention order, and did not definitively state whether she credited or did not credit that testimony.  Because the judge "failed to make detailed and comprehensive findings of fact on the issues of domestic violence and its effect upon the child as well as upon the father's parenting ability," we are required to remand for "explicit findings" (citation omitted).  Custody of Vaughn, supra.

We discern no further error in the child custody determination.  Except as proved in § 31A, "[t]here [is] no presumption either in favor of or against shared legal or

physical custody at the time of the trial on the merits." G. L. c. 208, § 31. Here the judge properly weighed the remainder of the evidence before her under § 31 and determined "it [was] in [the child's] best interest to be with each parent pursuant to a shared parenting schedule," because both parties "demonstrated that they are able to care and provide for [the child]." We do not consider the wife's argument, raised for the first time in her reply brief, that certain constitutional guarantees under Federal and Massachusetts law required the judge expressly to consider the parties' ability to communicate before awarding shared custody. Mass. R. A. P. 16 (c), as appearing in 481 Mass. 1628 (2019) ("[n]o new issues shall be raised in the reply brief").

So much of the judgment as pertains to child custody and the parenting plan is vacated, and the case is remanded for explicit findings as mandated by Custody of Vaughn, 422 Mass. at 599-600. The judge may exercise discretion to determine whether further testimony is necessary, but the parties should be afforded an opportunity to be heard. See id. at 600. During the pendency of the remand, the custody and parenting plan provisions of the judgment shall remain in effect as a temporary order, unless otherwise ordered by the judge. The judgment of

6

divorce nisi is affirmed in all other respects.[1]

So ordered.

By the Court (Rubin, Walsh & Hershfang, JJ.[2]),

*Paul Little*

Clerk

Entered: January 30, 2026.

---

[1] The parties' requests for attorney's fees are denied.

[2] The panelists are listed in order of seniority.