LINDA J. PETERSON *vs.* JAY R. PETERSON. No. 89-P-447. March 29, 1991. *Divorce and Separation*, Division of property, Pension benefits, Attorney's fees.

Linda J. Peterson (wife) brought a complaint in the Norfolk Probate and Family Court, seeking a divorce from Jay R. Peterson (husband). He, in turn, filed a counterclaim for divorce against her. The matters were tried together before a Probate Court judge. A judgment of divorce nisi was entered in favor of the wife, on grounds of cruel and abusive treatment. The judge ordered a division of marital assets, including an assignment to the wife of a percentage of the husband's future pension benefits. The judge denied the husband's counterclaim.

After the judgment entered, the husband filed three motions, a motion for a new trial, a motion to amend the judgment, and a motion to amend the judgment on his counterclaim. The husband requested, among other things, that the assignment of his future pension benefits to the wife be adjusted. The trial judge denied all three motions. The husband appealed from the judgment and from the denials of those motions but in his brief on appeal has made no argument regarding the denials of the motion for a new trial and the motion to amend the judgment on the counterclaim. See Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975).

On May 18, 1988, and May 31, 1988, the wife filed complaints for contempt alleging that the husband had failed to comply with certain aspects of the divorce judgment from which he had not appealed. She also filed a motion for allowance of prospective counsel fees and expenses for the specific purpose of defending the instant appeal. After a hearing, the judge entered contempt judgments against the husband. The judge also allowed the wife's motion for counsel fees to defend the appeal and ordered the husband to pay $5,000.00 to the wife within fifteen days. The husband has appealed from the judge's order.

1. *Assignment of husband's future pension benefits.* The husband, forty-two years old at the time of the divorce, had an employee retirement plan with his employer. The primary benefit under the plan was a noncontributory retirement pension payable to the husband when he reaches sixty-five years of age. The judge found that the present accrued actuarial value was $61,129.00. He awarded the wife fifty percent of the husband's pension which will have accrued as of (1) the date of the distribution, or (2) his normal retirement date, or (3) the date of his death, whichever comes first.

In *Dewan* v. *Dewan*, 17 Mass. App. Ct. 97, 100-102 (1983), we held that a husband's pension rights may be assigned to a wife either (1) as a present assignment of a percentage of the present value of the future pension benefits or (2) as a percentage of the pension benefits attributable to the marriage if and when the benefits are received by the retiring spouse. The court stated that "[w]here the division is made to apply to pension benefits when received, the award is typically of a percentage (often a third or a half) of that portion of the pension benefits attributable to the period of the marriage. The portion attributable to the period of the marriage is generally determined by multiplying the net pension benefit by a fraction, the numerator of which is the time period during which retirement benefits were accrued during the marriage and the denominator of which is the total period of accrual." *Id.* at 101.

The Supreme Judicial Court subsequently approved the methods of assigning pension benefits articulated in our *Dewan* decision, see *Dewan* v. *Dewan*, 399 Mass. 754, 755-757 (1987), adding that it is preferable for a judge to make a present assignment of a percentage of the present value of the future pension benefits in most instances.

Here, the judge used the second approach in assigning the husband's pension benefits. The husband does not dispute that, when practical difficulties make a present division of pension benefits impossible, a judge may allocate such benefits between the parties on an "if and when the benefits are actually received" basis. *Id.* at 755. Rather, he challenges the amount on the ground that it was error not to limit the assignment to a percentage of that portion of the pension benefits attributable to the period of the marriage. He argues that any increase in the pension benefits earned by him after the date of the divorce constitutes "after acquired" property which is excluded from division under G. L. c. 208, § 34.

In dividing the marital assets pursuant to G. L. c. 208, § 34, the judge made the following findings, among others: the parties were married in 1967; both were forty-two years of age at the time of the divorce; both were in good health; and the wife was a registered nurse with a license to practice her profession in New York and Massachusetts. We conclude that it was error for the judge, on the facts as found, to fail to limit the assignment to the wife to that portion of the pension benefits attributable to the period of the marriage.[1] There is nothing to the contrary in *Johnson* v. *Johnson*, 22 Mass. App. Ct. 955 (1986).

2. *Award of counsel fees to defend the appeal.* The husband claims that the judge committed error when he awarded the wife $5,000.00 to defend this appeal. He challenges the award on the ground that the judge lacked authority to make such an award. He does not raise any argument as to the amount of the award.

---

[1] See now G. L. c. 208, § 34, as amended through St. 1990, c. 467.

In *Nelon* v. *Nelon*, 329 Mass. 643 (1953), the court held that G. L. c. 208, § 38, allows the judge to make an award of counsel fees to be paid by the husband for the purpose of enabling the wife to defend against an appeal. *Mellor* v. *Berman*, 390 Mass. 275, 283-284 (1983), and *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272 (1985), cited by the husband in support of his argument, are not applicable.

3. *Finding as to wife's income.* The husband challenges the judge's finding with respect to the wife's income. There was evidence to support the judge's finding, and it was not clearly erroneous. Mass.R.Dom.Rel.P. 52(a) (1984).

Because the award of an interest in the husband's pension to the wife was a significant part of the judgment, we reverse the entire judgment, so that the entire matter may be reconsidered in light of this opinion. The order of the court relative to counsel fees is affirmed.

*So ordered.*

*Stephen C. Maloney* for Jay R. Peterson.
*Charles G. Murphy* for Linda J. Peterson.