NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-901

DAVID J. SAPERS

V.

OLIMPIA R. SAPERS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The sole issue in this appeal is whether a Probate and Family Court judge abused her discretion in ordering the release to the former wife (wife) of attorney's fees held in escrow.  We affirm.

Background.[1]  The wife and the plaintiff (husband) married in 2010 and divorced in 2015.  Following postdivorce litigation, the parties entered into a partial modification agreement that was incorporated into a partial modification judgment issued by a judge of the Probate and Family Court.  The parties went to trial on an unresolved issue involving child support

---

[1] Additional background facts may be gleaned from the panel decision in Sapers v. Sapers, 102 Mass. App. Ct. 114 (2023).

obligations. On March 1, 2021, following trial, a Probate and Family Court judge entered a supplemental judgment of modification regarding child support, as well as an award of $25,000 in attorney's fees to the wife. The husband appealed the judgment (first appeal), claiming that the judge abused her discretion by, inter alia, awarding attorney's fees to wife. On October 6, 2021, the wife filed a motion in the probate court for legal fees pendente lite, in the amount of $30,000, for the purpose of defending against the appeal filed by the husband. The husband opposed the motion. On October 14, 2021, the judge entered an order requiring him to pay the $25,000 in attorney's fees for trial to the wife's counsel within twenty days and ordering him to place $30,000 (the amount of the wife's attorney's fee request) in escrow.

On March 4, 2022, while the first appeal was pending, the wife filed a motion to release the funds from escrow. The judge denied that motion without prejudice "subject to any ruling from the Appeals Court" and noted that "$30,000 is currently being held in escrow, which amount was ordered to be held in response to [the wife's] motion for fees to be paid in regard to appeal."

On March 21, 2023, a panel of the Appeals Court issued its decision in the first appeal affirming the modification judgment Sapers v. Sapers, 102 Mass. App. Ct. 114 (2023). Specifically, the panel first affirmed the judge's award of the $25,000 in

2

attorney's fees for trial to the wife.  Second, the panel addressed the wife's request to order the release of the funds held in escrow.  On that issue, the panel ruled that the judge, on remand, may "consistent with her prior rulings and our decision today, order the release to the wife of these escrowed funds."  Third, the panel denied the wife's request for appellate attorney's fees stemming from her claim that the husband's appeal was frivolous.[2]  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019) ("If an appellate court determines that an appeal in a civil case is frivolous, it may award just damages and single or double costs to the appellee . . .").

On March 24, 2023, following remand to the Probate and Family Court, the judge issued an order "that all funds being held in escrow . . . by [husband's] counsel, pursuant to the October 14, 2021 Order of this Court be immediately released to [wife]."  On April 3, 2023, the husband filed an emergency motion to stay the judge's March 24 order.  Subsequently, the wife's counsel filed an affidavit of counsel describing the legal services performed on behalf of the wife in connection with the appeal, billing rates, and hours spent on the legal

_____

[2] The husband argued in the first appeal that because the wife used the term "frivolous" in her request for the $30,000, her request was made pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).

3

work.  On April 10, 2023, the judge denied the husband's motion to stay, entering the following written endorsement:

> This court awards fees as pg. 9 of [wife's] 10/6/21 motion reminds this court of [husband's] litigious history, intentional misrepresentation of facts, failure to adhere to the rules of law and other actions thereby necessitating an order of fees to assist [the wife] with appeal.

The husband again appeals, this time from the April 10, 2023, order denying the motion to stay and reaffirming the order releasing the escrowed attorney's fees to the wife.

Discussion.[3]  The husband contends that the judge abused her discretion in awarding the $30,000 in appellate fees to the wife because the award was unreasonable and inconsistent with the Appeals Court's panel's disposition of his prior appeal, denying the wife's request for attorney's fees pursuant to Mass. R. A. P. 25.  We disagree.  General Laws c. 208, § 38, authorizes Probate and Family Court judges to "award costs and expenses, or either, to either party."  This includes the discretion to order one spouse, including a former spouse in a postdivorce modification proceeding, to pay the other spouse's appellate fees.  The award is not contingent on the appeal being frivolous or the recipient spouse prevailing on appeal.  See Peterson v. Peterson, 30 Mass. App. Ct. 932, 934 (1991) (judge authorized under G. L. c. 208, § 38, to award wife fees for purposes of

---

[3] The case was submitted on the briefs at the joint request of the parties.

defending against appeal brought by husband); Frederick v. Frederick, 29 Mass. App. Ct. 329, 335 (1990) (wife awarded appellate fees to prosecute appeal; no requirement that she prevail on appeal); Cox v. Cox, 56 Mass. App. Ct. 864, 881 (2002) (G.L. c. 208, § 38 is not a statute that is "success driven," but rather, a statute "designed to level the playing field and allow both sides access to capable legal representation in divorce litigation.")

In the present case, the judge awarded $30,000 in fees to the wife pursuant to the judge's statutory authority under G. L. c. 208, § 38. On the record before us, it is evident that the fee award was intended to allow the wife to defend against the husband's appeal and was not contingent on any determination that the husband's appeal was frivolous. Our conclusion is bolstered by this court's decision in the prior appeal, in which it addressed and affirmed the judge's award of fees pendente lite on a separate and distinct basis from its denial of an appellate fees award under Mass. R. A. P. 25. Therefore, we cannot conclude that the judge abused her discretion. See L.L.

v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).[4,5]

<u>Order dated April 10, 2023,</u>
<u>affirmed</u>.

By the Court (Neyman,
Brennan & Toone, JJ.[6]),

*[signature]*

Assistant Clerk

Entered:  May 20, 2024.

---

[4] In the particular circumstances of the present case, the amount of fees approved by the judge ($30,000) was reasonable and supported by the record.

[5] The wife's request for attorney's fees for the present appeal is denied.

[6] The panelists are listed in order of seniority.