NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-255

SHANE RADCLIFF

vs.

COURTNEY RADCLIFF.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The sole issue in this appeal is whether a Probate and Family Court judge abused his discretion in ordering Courtney Radcliff (mother)[1] to pay a partial award of attorney's fees to Shane Radcliff (father).  We affirm the judgment.

Background.  The mother and father married in 2012 and divorced in 2018.  The parties have one child who was four years old at the time of the modification trial referenced below.  The parties' divorce was "acrimonious" with a "case file . . . replete with incendiary filings, pleadings, photos and literally hundreds of pages of attacks or counter-attacks against one another pre and post the divorce judgment."

_____

[1] The mother's surname is now Byrne.

In exhibit B to their separation agreement, which merged into the judgment of divorce, the parties agreed that they would "cooperate with each other in selecting a proper pre-school for the child," and "shall share a list and collaborate to determine which pre school the child will attend in the fall 2019 and thereafter."  They further agreed that when the child reaches the age to attend preschool the "parties shall confer on what preschool/school is in the child's best interest.  If the parties cannot agree on where the child will be attending preschool/school, the parties shall engage the Parenting Coordinator . . . to resolve this issue."

When the child reached the age to attend preschool, numerous disputes arose between the parties, including disagreements about the start date, the choice of preschool program, which preschool to attend, and the use of the parenting coordinator.  The disputes resulted in wide-ranging and costly litigation throughout 2019, 2020, and 2021, as evidenced by the filing and litigating of myriad complaints for contempt and modification filed by both parties, extensive motion practice, issuance of multiple judicial orders and findings, and entries of temporary court orders by the judge.

The judge ultimately consolidated two "modifications" for trial, which was held on January 28, January 29, and February 5, 2021.  At the close of the mother's case-in-chief at the trial,

the father moved for dismissal pursuant to Mass. R. Dom. Rel. P. 41 (b) (2) (rule 41 [b] [2]).  On February 5, 2021, "[a]fter due consideration of all evidence presented at trial," the judge determined that the mother had "failed to prove a material and substantial change sufficient to warrant a modification of the current judgment," and dismissed the complaints for modification.  On March 5, 2021, a supplemental judgment issued in the Probate and Family Court, ordering the dismissal of the complaints for modification and awarding attorney's fees to the father in the amount of $18,975.  On the same day, the judge issued posttrial findings of fact and conclusions of law, which explained, inter alia, that the father had incurred substantial legal fees as a direct result of the mother's litigation of the action, that the mother was "being litigious for the sake of being litigious," and that the mother "is responsible for a portion of [f]ather's attorney fees" in the amount of $18,975.[2],[3] The mother now appeals therefrom.

Discussion.  The parties agree that the modification complaints that were litigated through trial are now moot, and

_____

[2] The supplemental judgment and the findings both were docketed on March 11, 2021.

[3] The judge noted that the father had incurred legal fees "of just under $60,000.00" for trial and "over $112,000.00 in total."

thus the sole issue on appeal is whether the partial attorney's fee award to the father constituted an abuse of discretion. On appeal, the mother claims, in essence, that the judge abused his discretion in awarding attorney's fees to the father because (1) her claims were not frivolous; (2) the judge wrongly dismissed the complaints for modification midtrial; and (3) the judge was obligated to find that there was a material change in circumstances.

It is of no moment that the mother's claims at trial were not frivolous. General Laws c. 208, § 38, authorizes Probate and Family Court judges to "award costs and expenses, or either, to either party." This includes the discretion to order one spouse, including a former spouse in a postdivorce modification proceeding, to pay the other spouse's attorney's fees. The award is not contingent on the appeal being frivolous or the recipient spouse prevailing on appeal. See Wasson v. Wasson, 81 Mass. App. Ct. 574, 582 (2012) ("judge has discretion to award fees even in the absence of bad faith or frivolous claims or defenses"). See also Cooper v. Cooper, 62 Mass. App. Ct. 130, 141-142 (2004); Peterson v. Peterson, 30 Mass. App. Ct. 932, 934 (1991). Here, the judge found that the mother was "being litigious for the sake of being litigious." There is nothing in the record before us that suggests that this finding was clearly erroneous. To the contrary, the record supports this finding.

4

Moreover, the judge noted that although the father's attorney's fees for trial "are just under $60,000[,] this is not a reasonable amount for [m]other to pay for her overly litigious actions in this matter." Accordingly, the judge only awarded the father partial attorney's fees in the amount of $18,975, payable in weekly installments of $125 until satisfied. This discretionary determination was well within the range of reasonable alternatives and did not constitute an abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion occurs where judge made clear error of judgment in weighing factors relevant to decision "such that the decision falls outside the range of reasonable alternatives").[4]

Contrary to the mother's argument, the judge did not dismiss the mother's case "mid-trial." After the mother completed her presentation of evidence, the judge asked, "[D]o you rest?" The mother's counsel responded, "Yes." Thereafter, the father moved for dismissal under rule 41 (b) (2). Thus, the judge did not act "mid-trial," but waited until the mother had

_____

[4] The mother challenges the basis for the award of attorney's fees but does not challenge the amount awarded. In any event, in the circumstances of this case, the amount of fees approved by the judge ($18,975) was reasonable and supported by the record.

5

presented and rested her case-in-chief before entertaining the dismissal motion.

Finally, the judge was not obligated to render a judgment in favor of the mother. The issues at trial were contested and the evidence disputed. Rule 41 (b) (2) authorizes a judge, on motion of a defendant, to "determine" the facts and "render judgment against the plaintiff" on "the ground that upon the facts and the law the plaintiff has shown no right to relief."[5] Moreover, "in passing upon a motion under the second sentence of rule 41 (b) (2) a trial judge is not limited to that standard of proof required for a directed verdict . . . [;] rather, the judge is free to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision" (citation omitted). El Chaar v. Chehab, 78 Mass. App. Ct. 501, 507 n.12 (2010). See Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979) (same). Here, the judge's findings of fact reveal that he did what rule

_____

[5] Rule 41 (b) (2) provides, in relevant part,

"[a]fter the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

6

41 (b) (2) contemplates.  That is, he weighed the evidence, resolved questions of credibility and contradiction, and found that the parties' hostile relationship and dispute over the child's preschool venue were not new developments and that the mother "failed to prove a material and substantial change sufficient to warrant a modification of the current judgment" (emphasis added).[6]  For all of the foregoing reasons, we discern no abuse of discretion in the partial award of attorney's fees.

Supplemental judgment dated March 5, 2021, affirmed.[7]

By the Court (Vuono, Neyman & D'Angelo, JJ.[8]),

*Paul Little*

Clerk

Entered:  November 1, 2024.

---

[6] Although we need not decide the issue, we note that the record before us, including the judge's posttrial conclusions of law, supports an implicit finding by the judge that the requested modification in the present case was not "necessary in the best interests of the child[]."  G. L. c. 208, § 28 (judgment modifying earlier judgment as to care and custody of minor child of parties requires that court find [1] "a material and substantial change in the circumstances of the parties has occurred" and [2] "the judgment of modification is necessary in the best interests of the child[]").

[7] The father's request for an award of appellate attorney's fees is denied.

[8] The panelists are listed in order of seniority.

7